1.

PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
PRICE AND ASSOCIATES
A Professional Law Corporation
1617 Clay Street
Oakland, CA  94612
Telephone: (510) 452-0292

JOHN L. BURRIS, ESQ. (STATE BAR NO. 69888)
Law Offices of John L. Burris
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone (510) 839-5200

Attorneys for Plaintiffs
MARTHA BERNDT, MARTA HASTINGS
JUDY LONGO and LINDA SCOTT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA BERNDT, MARTA HASTINGS, JUDY LONGO and LINDA SCOTT, individually and on behalf of all persons similarly situated, <br><br>     Plaintiffs, <br> v. <br><br> CALIFORNIA DEPARTMENT OF CORRECTIONS, ROBERT AYERS, JR., TERESA SCHWARTZ, JOSEPH MCGRATH, AUGUSTIN LOPEZ, D. SKERIK, MARIO ORTIZ AND DWIGHT WINSLOW, in their individual capacities, <br><br>     Defendants. | NO. C03-3174 THE <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES** <br><br> **[JURY TRIAL DEMANDED]** |

## I. JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, and 42 U.S.C. § 1983. The acts and omissions complained of herein occurred primarily in Crescent City, County of Del Norte, California, which is in this judicial district.

## II. PARTIES

2. Plaintiff MARTHA BERNDT began her employment as a Correctional Officer assigned to Centinella State Prison with Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS on July 23, 1994. Commencing in May 1995 up to the present, she was continuously assigned to Pelican Bay State Prison (hereinafter referred to as "PBSP").

3. Plaintiff MARTA HASTINGS began her employment as a Correctional Officer with Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS assigned to PBSP in November 1989. Commencing in November 1989 up to the present, she was continuously assigned to PBSP.

4. Plaintiff JUDY LONGO began her employment as a Medical Technician with Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS assigned to Pelican Bay State Prison on April 8, 1992. Her employment with the Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS was terminated by her involuntary resignation in February 2003.

5. Plaintiff LINDA SCOTT began her employment as a Correctional Officer with Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS in January 1990. She has been assigned to PBSP continuously from January 1990 through the present. She was terminated in April 2000 and reinstated in October 2000.

///

6. Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS ("CDC") is a Department of the State of California which at all times relevant hereto, hired and supervised the employees of Pelican Bay State Prison (PBSP) where Plaintiffs were employed.

7. Defendant ROBERT AYERS, JR., was an employee and managing agent of Defendant CDC at all times relevant hereto until June 2000. In doing the things alleged herein, Defendant AYERS was acting within the course and scope of his employment. He is sued in his individual capacity.

8. Defendant TERESA SCHWARTZ was an employee and managing agent of Defendant CDC at all times relevant hereto. In doing the things alleged herein, Defendant SCHWARTZ was acting within the course and scope of her employment. She is sued in her individual capacity.

9. Defendant JOSEPH MCGRATH was an employee and managing agent of Defendant CDC at all times relevant hereto. In doing the things alleged herein, Defendant McGRATH was acting within the course and scope of his employment. He is sued in his individual capacity.

10. Defendant AUGUSTIN LOPEZ was an employee and managing agent of Defendant CDC at all times relevant hereto up to July 2000. In doing the things alleged herein, Defendant LOPEZ was acting within the course and scope of his employment. He is sued in his individual capacity.

11. Defendant D. SKERIK was an employee and managing agent of Defendant CDC at all times relevant hereto. In doing the things alleged herein, Defendant SKERIK was acting within the course and scope of his employment. He is sued in his individual

capacity.

12. Defendant MARIO ORTIZ was an employee and managing agent of Defendant CDC at all times relevant hereto. In doing the things alleged herein, Defendant ORTIZ was acting within the course and scope of his employment. He is sued in his individual capacity.

13. Defendant DWIGHT WINSLOW was an employee and managing agent of Defendant CDC at all times relevant hereto. In doing the things alleged herein, Defendant WINSLOW was acting within the course and scope of his employment. He is sued in his individual capacity.

14. At all times mentioned herein, Defendants, and each of them, were agents and employees of Defendant CDC, and in doing the things hereinafter alleged, were acting within the course and scope of said agency and employment. Plaintiffs are informed and believe and thereon allege that each and every wrongful act by the Defendants complained of herein was done under the instructions and approval, express or implied of Defendant CDC.

### III. STATEMENT OF FACTS

#### A. SEXUAL HARASSMENT

15. Commencing from at least November 1989 and continuing until the present, Plaintiffs and other female correctional officers and employees were frequently sexually harassed by inmates at PBSP. On numerous occasions, inmates exposed themselves, masturbating and ejaculating in their presence.

16. Commencing from at least November 1989 and continuing until the present, other female correctional officers and employees were frequently sexually harassed by inmates at correctional facilities under the management of Defendant CDC. On numerous

occasions, inmates exposed themselves, masturbating and ejaculating in their presence.

17. From at least November 1989 through the present, at least one hundred and eighty-nine (189) reported incidents of inmate exhibitionist masturbation were documented at PBSP. These reports and incidents reflect only a fraction of the actual incidents of the inmates' sexual harassment of female employees. Many employees were either discouraged from reporting the sexual harassment by PBSP supervisors or declined to report the harassment for fear of retaliation by PBSP administrators. On other occasions, reports that were filed by Plaintiffs and other female employees were lost, discarded, destroyed or otherwise unaccounted for by Defendant CDC.

18. Commencing sometime prior to 1995, Defendant LOPEZ, as Associate Warden and Equal Employment Opportunity Coordinator at PBSP, instituted a practice whereby remedial action was not taken in response to discrimination against female officers at PBSP, and he refused to accept complaints by female officers of a hostile environment or sexual harassment by inmates.

19. Although Plaintiffs documented and reported numerous incidents to Defendants, Defendants consistently failed and refused to take immediate and corrective action. Defendants repeatedly ignored, delayed, discarded, or denied Plaintiffs' complaints. Plaintiffs repeatedly complained to Defendant CDC that it was not taking the proper steps to address their complaints of sexual harassment. In July 2000, the Office of Inspector General advised CDC that Plaintiffs' complaints of a hostile working environment were supported by its investigation and recommended additional action to remedy the situation. CDC ignored the findings of the investigation and refused to seriously consider any of the recommendations.

20. In July 2002, Plaintiff BERNDT's complaints about inmate Goldwire

Jackson were dismissed and she became so emotionally distraught that she was compelled to leave work. Prior to July 2002, Inmate Jackson has repeated sexually harassed Plaintiff BERNDT with taunts and threats. She has been unable to return to work since that final incident.

21. In November 2002, Plaintiff SCOTT was subjected to sexual harassment by inmate McMillan. She reported the incident to her supervisors who refused the report based on its contents. Since the November 2002 incident, she has had difficulty filing reports and her reports have been under constant scrutiny.

22. In December 2002, Plaintiff SCOTT attempted to report exhibitionist masturbation by inmate Goldwire Jackson and encountered stiff resistance from her supervisor who suggested that she had fabricated the incident.

23. In February 2003, Plaintiff LONGO was forced to retire after nineteen (19) years to avoid termination because she refused to administer medication to inmate Goldwire Jackson. Her and other female employees' prior complaints about this inmate and other inmates' exhibitionist masturbation were ignored.

24. In August 2003, Plaintiff HASTINGS attempted to report Inmate Thomas' exhibitionist masturbation. She became so emotionally disturbed that she was forced to leave her employment for the day. Her complaints were ignored and two more masturbators were placed in her unit.

25. The experiences of these individual employees arise out of the same policy of discrimination at Defendant CDC institutions, including but not limited to PBSP, which condones and accepts the inmates' exhibitionist masturbation and intimidation directed at female staff. Their experiences are typical of the injury and harm suffered by the class of female employees assigned to PBSP who have been subjected to this misconduct. CDC's policies and

practices have substantially interfered with their employment on the basis of their sex, requiring them to submit to severe and pervasive lewd and lascivious conduct, intimidation and threats as a condition of their employment.  Notwithstanding having been held legally liable and the prosecution of other related lawsuits, Defendant CDC continues to refuse to take prompt, effective remedial action to address the problem of sexual harassment of female officers by the inmates.

26. On or about March 11, 2003, and within three hundred (300) days of the last act of discrimination alleged herein, Plaintiff MARTHA BERNDT filed a joint Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the California Department of Fair Employment and Housing (DFEH) regarding the hostile work environment. On April 10, 2003, the EEOC issued its Notice of Right to Sue to Plaintiff BERNDT.  (A true and correct copy of said Notice is attached hereto as Exhibit A.)

27. On or about August 25, 2003, and within three hundred (300) days of the last act of discrimination alleged herein, Plaintiff LINDA SCOTT filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) regarding the hostile work environment.

28. On or about October 20, 2003, and within three hundred (300) days of the last act of discrimination alleged herein, Plaintiff MARTA HASTINGS filed a Charge of Discrimination with the EEOC on behalf of herself and all other similarly–situated female CDC employees regarding the hostile work environment.

## B. RETALIATION

29. In response to some female officers' complaints, including but not limited to Plaintiffs JUDITH LONGO, LINDA SCOTT, Officers Kismet Mayo and Deanna Freitag,

Defendants repeatedly retaliated against, harassed, made false reports and falsely disciplined the complainants.  Commencing in the spring of 1999, Defendants repeatedly retaliated against, harassed, slandered and eventually terminated Officer Deanna L. Freitag.  Commencing in the fall of 1999, Defendants retaliated against, harassed, defamed and eventually terminated Plaintiff SCOTT.  Commencing in October 2000, Defendants defamed, slandered and falsified reports against Plaintiff SCOTT resulting in a loss of an "above average" Performance Rating by Plaintiff SCOTT.  Commencing in March 2002, Defendants repeatedly retaliated against, harassed, slandered and eventually terminated Plaintiff LONGO.

30. Defendants CDC, AYERS, MCGRATH and SCHWARTZ used the internal affairs process and internal affairs investigations at PBSP and CDC Headquarters to retaliate against female officers who opposed the discrimination against female employees, complained about the hostile work environment and/or participated in protected activity complaints about their discriminatory practices.  Defendants initiated baseless investigations against Plaintiffs and other female employees, and frequently imposed unwarranted discipline to deter them from complaining and/or assisting others in opposing discrimination at PBSP.

## IV. DAMAGES

31. As a result of the acts and omissions alleged herein, the individual Plaintiffs and other similarly-situated female employees have sustained and will continue to sustain substantial losses of earnings, promotions, bonuses and benefits.  In addition, Plaintiffs have suffered and will continue to suffer damages to their careers and reputations in an amount to be determined according to proof.

32. As a further result of the acts and omissions alleged herein, all of the named Plaintiffs and other female employees who were subjected to similar acts of inmate

exhibitionist masturbation suffered, and continue to suffer humiliation, fear, embarrassment, extreme emotional anguish and distress in an amount to be determined according to proof.

33. Due to Defendants' conduct, Plaintiffs have suffered severe stress and fear and various resulting physical ailments, including but not limited to headaches, high blood pressure, sleeplessness, harmful weight gain and asthma attacks. In addition, Plaintiffs have incurred and will incur medical expenses as a result of the acts and omissions alleged herein.

34. The conduct of the individual defendants was oppressive and malicious and in conscious disregard of the rights of Plaintiffs, thus entitling them to punitive and exemplary damages.

### FIRST CAUSE OF ACTION:
### <u>SEX DISCRIMINATION (42 U.S.C. § 2000e, *et seq.*)</u>
### (ALL PLAINTIFFS AGAINST CDC)

35. Plaintiffs refer to and hereby incorporate by reference each and every allegation contained in Paragraphs 1 through 34, as though fully set forth herein.

36. This cause of action is brought against CDC only. At all times herein mentioned, Title VII (42 U.S.C. § 2000e *et seq.*) was in full force and effect and was binding upon Defendant CDC. Title VII requires Defendant CDC to refrain from discriminating against any employee on the basis of sex, among other things.

37. 42 U.S.C. § 2000e *et seq.* also requires Defendant CDC to take affirmative acts to prevent sexual harassment and/or a hostile work environment from occurring, and to take proper remedial steps to end harassment and hostility once it became known to it.

38. The conduct of Defendant CDC, its agents, representatives and employees as alleged herein, was continuing in nature up to the present, and substantially interfered with the Plaintiffs' employment on the basis of their sex, in violation of Title VII.

39. Plaintiffs bring this cause of action pursuant to Rule 23(b)(1)(a) and (b)(2) of the Federal Rules of Civil Procedure on behalf of themselves and all similarly situated female employees. This class is composed of all past and present employees of Defendant CDC during the period from November 1989 to the present, and future female employees, who have been, or will be subjected to inmate exhibitionist masturbation at any prison facility in the State of California and whose complaint did not result in prompt effective remedial steps to address the hostile environment. The action satisfies the numerosity, typicality, adequacy, commonality, predominance and superiority requirements of the Rule 23(b)(1)(a) and (b)(2) of the Federal Rules of Civil Procedure.

40. Plaintiffs bring this cause of action pursuant to Rule 23(b)(1)(a) and (b)(2) of the Federal Rules of Civil Procedure on behalf of themselves and all similarly situated female employees. This sub-class is composed of all past and present female employees of Defendant CDC during the period from November 1989 to the present, and future female employees, who have been, or will be, subjected to inmate exhibitionist masturbation at Pelican Bay State Prison. The action satisfies the numerosity, typicality, adequacy, commonality, predominance and superiority requirements of the Rule 23(b)(1)(a) and (b)(2) of the Federal Rules of Civil Procedure.

41. The members of this class are so numerous as to make joinder impracticable. Plaintiffs are informed and believe, and thereon allege that the number of class members exceeds one hundred and one (101). The claims of the representative parties are typical of the claims of the class, and the representative parties will fairly and adequately represent the interests of the class.

42. Common questions of fact and law exist as to all members of the class and

sub-class. The questions predominate over any questions affecting individual members of the class. These common legal and factual questions do not vary from class member to class member and may be determined without reference to the individual circumstances of any class member.

43. Plaintiffs' claims are typical of the claims of the members of the class and the representative Plaintiffs' interests are coincident with and not antagonistic to those of the other class members they seek to represent. Plaintiffs will fairly and adequately protect the interests of the members of the class. Plaintiffs have retained counsel experienced in the prosecution of civil rights violations and class actions. Plaintiffs intend to prosecute this action vigorously.

44. Plaintiffs allege that there are numerous female employees who have been discriminated against by Defendant CDC on account of their sex, but who have not filed discrimination complaints or joined in this suit because of fear of recrimation on the part of CDC.

45. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented in that these employees were subjected to severe and pervasive inmate exhibitionist masturbation within CDC with the knowledge, consent and acquiescence of CDC's administrators and senior officials at CDC headquarters. This sexual misconduct existed and persisted for an extended period of time such that a sexually hostile environment for female employees was created throughout CDC during the relevant time period. CDC's policies, practices and procedures denied Plaintiffs and members of the class any remedy or right to even seek relief from the hostile environment. Proof of a common state of facts will establish the right of each class member to recover damages.

46.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to said individual members which would establish incompatible standards of conduct for Defendant CDC. Individual class members do not have a cognizable interest in pursuing individual actions against Defendants. Individualized litigation would be unduly burdensome to the courts in which they would proceed. Additionally, individual actions could result in contradictory and inconsistent judgments that would magnify the delay and expenses to all parties and to the court system resulting from multiple trials of the same factual and legal issues.

47.     In allowing the inmates to engage in exhibitionist masturbation so as to create a hostile environment for its female employees, and refusing to take proper preventive and remedial steps, CDC acted on grounds generally applicable to the class, thereby making injunctive or corresponding declaratory relief appropriate to the class as a whole. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

48.     Due to the predominance of common issues among the class and sub-class members along with the availability of adequate records regarding the class membership, the conduct of this litigation as a class action will encounter no significant manageability obstacles.

**WHEREFORE**, Plaintiffs pray for relief as set forth herein.

### SECOND CAUSE OF ACTION:
### <u>VIOLATION OF 42 U.S.C. § 1983</u>
### (EQUAL PROTECTION AGAINST CDC)

49.     Plaintiffs refer to and hereby incorporate by reference each and every allegation contained in Paragraphs 1 through 48, as though fully set forth herein.

50.     Plaintiffs bring this cause of action pursuant to Rule 23(b)(1)(a) and (b)(2)

of the Federal Rules of Civil Procedure on behalf of themselves and all similarly situated female employees. The class is composed of all past and present female employees of Defendant CDC during the period from November 1989 to the present, and future female employees, who have been, or will be, subjected to inmate exhibitionist masturbation at California State Prisons.

51. Plaintiffs bring this cause of action pursuant to Rule 23(b)(1)(a) and (b)(2) of the Federal Rules of Civil Procedure on behalf of themselves and all similarly situated female employees. The class is composed of all past and present female employees of Defendant CDC during the period from November 1989 to the present, and future female employees, who have been, or will be, subjected to inmate exhibitionist masturbation at Pelican Bay State Prison.

52. Defendant CDC, by its conduct herein alleged, intentionally, wilfully and without justification, did deprive Plaintiffs and all similarly situated female employees of their rights, privileges and immunities secured them by the Constitution and the laws of the United States, including but not limited to their rights to equal protection as provided by the Fourteenth Amendment in violation of 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiffs pray for relief as set forth herein.

### THIRD CAUSE OF ACTION:
### VIOLATION OF 42 U.S.C. § 1983
### (EQUAL PROTECTION AGAINST INDIVIDUALS)

53. Plaintiffs refer to and hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 52, as though fully set forth herein.

54. This cause of action is brought against individual Defendants ROBERT AYERS, JR., TERESA SCHWARTZ, JOE MCGRATH, AUGUSTIN LOPEZ, D. SKERIK, MARIO ORTIZ, and DWIGHT WINSLOW in their individual capacities only.

55. In doing each and all of the acts alleged herein, Defendants were acting

under color of state law.

56. Defendants, by their conduct herein alleged, intentionally, wilfully and without justification, did deprive Plaintiffs and all similarly situated female employees of their rights, privileges and immunities secured them by the Constitution and the laws of the United States, including but not limited to their rights to equal protection as provided by the Fourteenth Amendment in violation of 42 U.S.C. § 1983.

57. Defendant AYERS intentionally, willfully, and without justification, allowed Plaintiffs to be exposed to habitual exhibitionist masturbation. Defendant AYERS turned a blind eye to the complaints and concerns of Plaintiffs. As Acting Warden of PBSP, Defendant AYERS had the authority and responsibility to address the overwhelming problem of exhibitionist masturbation. Defendant AYERS deliberately ignored and then tried to conceal the pervasiveness of the hostile work environment. In doing so, Defendant AYERS denied Plaintiffs equal protection of the law as provided by the Fourteenth Amendment in violation of 42 U.S.C. § 1983.

58. Defendant SCHWARTZ intentionally, willfully, and without justification, allowed Plaintiffs to be exposed to habitual exhibitionist masturbation. Defendant SCHWARTZ turned a blind eye to the complaints and concerns of Plaintiffs. As an Associate Warden of in charge of the SHU Unit at PBSP, Defendant SCHWARTZ had the authority and responsibility to address the overwhelming problem of exhibitionist masturbation. Defendant SCHWARTZ deliberately refused to do so. Defendant SCHWARTZ' conduct denied Plaintiffs the equal protection of the law as provided by the Fourteenth Amendment in violation of 42 U.S.C. § 1983.

59. Defendants MCGRATH and LOPEZ actively tried to minimize and

conceal the impact of exhibitionist masturbation on female employees. Defendants MCGRATH and LOPEZ deliberately and intentionally tried to make it appear as if Plaintiffs were exaggerating and fabricating reports of inmate exhibitionist masturbation. As Defendant AYERS' successor and Acting Warden of PBSP, Defendant MCGRATH had the authority and responsibility to address the overwhelming problem of exhibitionist masturbation. Notwithstanding his knowledge of the hostile work environment, Defendant MCGRATH refused to implement any of the recommendations proposed by the Office of the Inspector General in July 2000. Defendants MCGRATH and LOPEZ' conduct denied Plaintiffs equal protection of the law as provided by the Fourteenth Amendment in violation of 42 U.S.C. § 1983.

58. Defendant SKERIK deliberately and continually forced Plaintiff BERNDT to supervise inmates who chronically engaged in exhibitionist masturbation. Defendant SKERIK refused to relieve Plaintiff BERNDT from duty when she became extremely distressed by the inmates' behavior. Defendant SKERIK treated Plaintiff BERNDT as if she was over exaggerating the problem and denied her equal protection of the law as provided by the Fourteenth Amendment in violation of 42 U.S.C. § 1983.

59. Defendant ORTIZ intentionally denied Plaintiff SCOTT the right to include information about inmate exhibitionist masturbation in her incident reports. Defendant ORTIZ directed Plaintiff SCOTT to exclude information about other incidents involving inmate exhibitionist masturbation in her reports of the inmates' misconduct. Defendant ORTIZ denied Plaintiff SCOTT equal protection of the law as provided by the Fourteenth Amendment in violation of 42 U.S.C. § 1983.

60. Defendant WINSLOW intentionally ignored and minimized Plaintiff LONGO's concerns and reports of inmate exhibitionist masturbation. In doing so, Defendant

WINSLOW forced Plaintiff LONGO to be habitually exposed to the inmates' behavior. Defendant WINSLOW denied Plaintiff LONGO equal protection of the law as provided by the Fourteenth Amendment in violation of 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiffs pray for relief as set forth herein.

### FOURTH CAUSE OF ACTION: VIOLATION OF 42 U.S.C. § 1983 (RETALIATION AGAINST INDIVIDUALS)

61. Plaintiffs refer to and hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 60, as though fully set forth herein.

62. This cause of action is brought against individual Defendants ROBERT AYERS, JR., TERESA SCHWARTZ, JOE MCGRATH, AUGUSTIN LOPEZ, D. SKERIK, MARIO ORTIZ and DWIGHT WINSLOW, in their individual capacities only.

63. In doing each and all of the acts alleged herein, Defendants were acting under color of state law.

64. Defendants, by their conduct herein alleged, intentionally, wilfully and without justification, did deprive Plaintiffs of their rights, privileges and immunities secured them by the Constitution and the laws of the United States, including but not limited to their rights to Free Speech under the First Amendment in violation of 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiffs pray for relief as set forth herein.

### FIFTH CAUSE OF ACTION: VIOLATION OF 42 U.S.C. § 1985 (CONSPIRACY AGAINST INDIVIDUALS)

65. Plaintiffs refer to and hereby incorporate by reference Paragraphs 1 through 64, inclusive, as though fully set forth at length herein.

66. At all times mentioned herein, the Defendants, and each of them

conspired, agreeing expressly and/or tacitly among and between themselves, to deprive Plaintiffs and other female employees of their civil rights. These rights include but are not limited to their rights to equal protection as provided by the Fourteenth Amendments of the United States Constitution and free speech as provided by the First Amendment of the United States Constitution.

**WHEREFORE**, Plaintiffs pray for relief as follows:

1. For compensatory damages and other special damages according to proof;

2. For an award of punitive damages against the individual defendants according to proof;

3. For injunctive relief enjoining the individual defendants and Defendant CDC and its agents and employees from denying, or aiding or inciting the denial of, the civil rights of any female employee on the basis of sex or because of her opposition to discrimination, and compelling CDC to take affirmative steps to insure a safe and fair work environment for Plaintiffs and all similarly situated female employees;

4. For an award of interest, including prejudgment interest at the legal rate according to proof;

5. For an award of reasonable attorneys' fees and costs; and

6. For such other relief as the Court may deem proper.

Dated: October 29, 2003        PRICE AND ASSOCIATES

_____
PAMELA Y. PRICE, Attorneys for Plaintiffs MARTHA BERNDT, MARTA HASTINGS, JUDY LONGO, LINDA SCOTT, INDIVIDUALLY AND ON BEHALF OF ALL PERSONS SIMILARLY SITUATED

**JURY TRIAL DEMANDED**

Plaintiffs hereby request a jury trial for all claims for which they are entitled to a jury trial.

Dated: October 29, 2003					PRICE AND ASSOCIATES

						_____
						PAMELA Y. PRICE, Attorneys for Plaintiffs
						MARTHA BERNDT, MARTA HASTINGS, JUDY
						LONGO and LINDA SCOTT, INDIVIDUALLY
						AND ON BEHALF OF ALL PERSONS
						SIMILARLY SITUATED