IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA BERNDT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | NO. C03-3174 TEH<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO STRIKE |

This matter comes before the Court on Defendants' motions to dismiss, to strike, and for a more definite statement. After carefully reviewing the parties' papers, the Court finds oral argument to be unnecessary. For the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss and DENIES Defendants' motion for a more definite statement and motion to strike.

**Motion to Dismiss**

Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART as follows:

1. The motion is DENIED as to Plaintiffs' first cause of action, for violation of Title VII. Plaintiffs Hastings, Longo, and Scott can rely on Plaintiff Berndt's exhaustion of administrative remedies to remain in this case. *See League of United Latin American Citizens (LULAC) v. Salinas Fire Dep't*, 88 F.R.D. 533, 544 (N.D. Cal. 1980) (holding that "the cases . . . do not require that each representative in a Title VII class action have filed EEOC charges, just that some representative must have done so," and allowing an individual to intervene as an additional class representative despite his failure to file a charge with the EEOC); *see also Crawford v. U.S. Steel Corp.*, 660 F.2d 663, 665 (5th Cir. 1981) (holding

that "plaintiffs who have not timely filed a charge can rely on the timely charge of another plaintiff in a class action or in a multiple plaintiff joint action"). Although Berndt's EEOC complaint did not specifically raise class allegations, "a Title VII EEOC charge need not be necessarily framed in class terms in order to permit the plaintiff who filed the charge to bring a class action." *Piva v. Xerox Corp.*, 70 F.R.D. 378, 383 (N.D. Cal. 1975). Where, as here, an employer can reasonably expect a class discrimination investigation or claim to arise from individual allegations, a plaintiff who alleged only individual discrimination in his or her EEOC charge can bring a class action. *Paige v. California*, 102 F.3d 1035, 1041-43 (9th Cir. 1996).

2. Plaintiffs do not oppose Defendants' motion to dismiss the second cause of action, for violation of 42 U.S.C. § 1983 against the CDC. Accordingly, the motion is GRANTED with prejudice as to this cause of action.

3. The motion is GRANTED IN PART and DENIED IN PART as to Plaintiffs' third and fourth causes of action, for violation of 42 U.S.C. § 1983 against the individual defendants, as follows:

a. The motion is GRANTED with prejudice as to Defendants Lopez and Ayers[1] because these Defendants ceased working at Pelican Bay in the summer of 2000, well before the July 2002 beginning of the statutory period. Thus, Defendants Lopez and Ayers could not have committed any discriminatory act during the statutory period, and the continuing violation theory therefore does not apply to expose them to liability. Plaintiffs have cited no authority to support their novel assertion that the continuing violation theory applies to any defendant as long as one defendant has committed a violation during the statutory period.

b. The motion is DENIED in all other respects. Other than with respect to Defendants Lopez and Ayers, the statute of limitations defense cannot be established from the face of the complaint. In addition, Defendants cite no authority for the proposition that a § 1983 cause of action cannot rely on the same facts as a Title VII cause of action. The law,

---

[1] Plaintiffs have stated their intention to seek entry of default against Defendant Ayers. However, Plaintiffs have not yet filed a motion for entry of default, and it therefore remains proper for the Court to rule on claims asserted against this Defendant.

2

including the cases relied on by Defendants, prohibits the assertion of a § 1983 claim where the alleged actions violate only Title VII and no other federal right, not where, as here, the plaintiff alleges violation of both Title VII and federal constitutional rights. *E.g., Johnston v. Harris County Flood Control District*, 869 F.2d 1565, 1573 (5th Cir. 1989) (holding that "when a public employer's conduct violates both Title VII and a separate constitutional or statutory right, the injured employee may pursue a remedy under § 1983 as well as under Title VII"); *Day v. Wayne County Bd. of Auditors*, 749 F.2d 1199, 1204-05 (6th Cir. 1984) (holding that "Title VII provides the exclusive remedy when the only § 1983 cause of action is based on a violation of Title VII," and noting that the court's earlier decision "that an employee may sue her public employer under both Title VII and § 1983 when the § 1983 violation rests on a claim of infringement of rights guaranteed by the Constitution . . . is not affected by the present one").

  4. The motion is GRANTED as to Plaintiffs' fifth cause of action, for violation of 42 U.S.C. § 1985. It is granted with prejudice as to Defendants Lopez and Ayers for the reasons discussed above. It is granted without prejudice as to all other Defendants because Plaintiffs failed to include specific factual allegations to support their conspiracy claim, as required under Ninth Circuit precedent. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1989); *see also Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1979) (holding that "more than vague conclusory allegations are required to state a claim" for conspiracy under § 1983). To cure this deficiency, Plaintiffs are given until **March 24, 2004**, to file their second amended complaint. Failure to file an amended complaint by that date will result in dismissal of Plaintiffs' § 1985 claim with prejudice.

**Motion for a More Definite Statement**

  Defendants' motion for a more definite statement is DENIED. Plaintiffs' complaint is not "so vague or ambiguous that [Defendants] cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12 (e); *see also Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981) (holding that "where the information sought by

3

1 | the moving party is available and/or properly sought through discovery the motion [for a more
2 | definite statement] should be denied").

**Motion to Strike**

Defendants' motion to strike is also DENIED. Viewing the complaint in the light most favorable to Plaintiffs, none of the allegations at issue is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f); *see also LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 823 (N.D. Cal. 1992) ("Motions to strike are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."). In addition, it would be premature for this Court to decide issues of class certification and injunctive relief. Defendants' arguments on these points are more properly raised at later stages of this case, such as Plaintiffs' anticipated motion for class certification or a post-trial motion in the event Plaintiffs prevail at trial.

**IT IS SO ORDERED.**

DATED  02/24/04    /s/
THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

4