IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA BERNDT, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants. | NO. C03-3174 TEH<br><br>ORDER FOLLOWING MARCH 13, 2006 CASE MANAGEMENT CONFERENCE |

    This matter came before the Court on Monday, March 13, 2006, for a case management conference. During that conference, it was apparent that counsel are experiencing extreme difficulties in communicating with each other and, thus, with making normal progress in this case. The clarification of the parties' positions that occurred during the conference could have – and should have – occurred informally between counsel, rather than requiring this Court's intervention. The Court is especially troubled by Monday's proceedings because of the parties' history of being unable to reach agreement on even the most basic issues; the Court has rarely seen a series of case management statements that are so replete with disagreements and separate statements.

    The parties are reminded that, as another judge in this district explained long ago:

> The discovery system depends absolutely on good faith and common sense from counsel. The courts, sorely pressed by demands to try cases promptly and to rule thoughtfully on potentially case dispositive motions, simply do not have the resources to police closely the operation of the discovery process. The whole system of Civil adjudication would be ground to a

> virtual halt if the courts were forced to intervene in even a modest percentage of discovery transactions. That fact should impose on counsel an acute sense of responsibility about how they handle discovery matters. They should strive to be cooperative, practical and sensible, and should turn to the courts (or take positions that force others to turn to the courts) only in extraordinary situations that implicate truly significant interests.

*In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). These comments comport with Rule 1 of the Federal Rules of Civil Procedure, which provides that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." To say the least, the determination of this action has been far from speedy and, as a result, likely not inexpensive.

If the parties continue to demonstrate a failure to cooperate or communicate with each other, then the Court will not hesitate to appoint a special master for discovery who will have, among other powers, the authority to apportion his or her fees among the parties. If, for example, the master were to find that one party was taking an unreasonable position in a particular dispute, then that party may have to pay 100% of the master's fees related to resolving that dispute. Such financial implications may encourage cooperation and good-faith attempts to resolve discovery disputes that have so far been insufficient in this case.

Additionally, in one final attempt to allay the fears expressed by counsel for Plaintiffs during Monday's case management conference, the Court reiterates that Rule 37(c)(1) authorizes this Court to impose sanctions if a party fails to disclose information required by Rule 26(a) or Rule 26(e)(1) or to amend prior discovery responses as required by Rule 26(e)(2). Thus, if Defendants seek to rely on testimony from a witness who has not previously been disclosed, this Court may refuse to allow use of that testimony unless Defendants can demonstrate a "substantial justification" for their failure to disclose or that the failure to disclose was "harmless." Fed. R. Civ. P. 37(c)(1).

On the other hand, while the parties are fully obligated to comply with the Federal Rules of Civil Procedure, including all provisions relating to discovery, the Court is in complete agreement with counsel for Defendants that nothing in those rules requires a party to divulge its litigation strategy to the opposing party, nor are Defendants required to disclose

2

1  to Plaintiffs the identify of every person with whom they have discussed this case.  To the
2  contrary, the rules governing disclosures specifically require disclosure only of those
3  individuals "that the disclosing party may use to support its claims or defenses, unless solely
4  for impeachment."  Fed. R. Civ. P. 26(a)(1).

**IT IS SO ORDERED.**

Dated:   03/15/06

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT