IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARTHA BERNDT et al,

    Plaintiffs,

    v

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al,

    Defendants.
                                          /

No   C 03-3174 VRW

ORDER

        Plaintiffs in the above-captioned action move to certify a class under FRCP 23.  Doc #277, amending Doc ##273 & 217.  Because the class proposed by plaintiffs is not objectively ascertainable, the court cannot reach the merits of plaintiffs' motion under FRCP 23.  Plaintiffs' motion, Doc #277, therefore is DENIED.

I

        On July 9, 2003, plaintiff Martha Berndt filed suit against defendants California Department of Corrections and Rehabilitation ("CDCR") and several CDCR employees for alleged

violations of two civil rights statutes and Title VII of the Civil Rights Act of 1964. See Doc #1. Several motions to dismiss and amended complaints followed; the operative complaint, plaintiffs' fourth, was filed on July 5, 2005. Doc #153. At the parties' request, the court dismissed plaintiff Linda Scott Sutter and defendant Mario Ortiz from this action in February 2008. See Doc #207.

The plaintiffs, current and former female employees of CDCR institutions and facilities, seek injunctive relief and damages for discrimination based on sex (and in the case of one plaintiff, race). Doc #153. Plaintiffs allege that from "at least November 1989," they were subjected to sexual harassment by male inmates in the form of exhibitionist masturbatory behaviors. Id. Plaintiffs further allege that supervisory and administrative officials at CDCR failed to take effective or prompt corrective action to end such practices.

On November 17, 2008, plaintiffs moved to certify a class. Doc #217. The parties thereafter conducted additional discovery and plaintiffs amended their motion in October and December 2009. Doc ##273 & 277. Defendants oppose the motion, arguing that plaintiffs fail to carry their burden of establishing a single class certification factor under FRCP 23(a) or (b) and that plaintiffs' proposed class is not ascertainable.[1] Doc #279.

---

[1] Defendants also argue that plaintiffs' case has been rendered moot because the CDCR has voluntarily instituted a statewide policy that controls exhibitionist masturbatory behaviors and ensures prompt corrective action. See Doc #279 at 16-17. The Ninth Circuit has recently opined, however, that mootness should not be considered in the class certification context. See Rodriguez v Hayes, 591 F3d 1105, 1117 (9th Cir 2010) ("In fact, mootness * * * is not a basis for denial of class certification, but rather is a basis for dismissal of

Because, for the reasons set forth below, the court finds the class is not ascertainable, it cannot evaluate the merits of plaintiffs' motion for class certification under the factors set forth by FRCP 23(a) or (b).

## II

A court may certify a class only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. FRCP 23(a). In addition to meeting these requirements, parties seeking certification must meet at least one requirement of FRCP 23(b). Rodrigues v Hayes, 591 F3d 1105, 1122 (9th Cir 2010) (citing Zinser v Accufix Research Inst, Inc, 253 F3d 1180, 1186 (9th Cir) amended by 273 F3d 1266 (9th Cir 2001)).

"'Although there is no explicit requirement concerning the class definition in FRCP 23, courts have held that the class must be adequately defined and clearly ascertainable before a class action may proceed.'" Schwartz v Upper Deck Co, 183 FRD 672, 679-80 (S D Cal 1999) (quoting Elliott v ITT Corp, 150 FRD 569, 573-74 (N D IL 1992)). "A class definition should be 'precise, objective and presently ascertainable.'" Rodriguez v Gates, 2002 WL 1162675, at *8 (C D Cal 2002) (quoting O'Connor v Boeing North American,

---

[the] action."). If defendants seek to raise a mootness argument, they should therefore file an appropriate motion seeking dismissal on such grounds.

**3**

1  Inc, 184 FRD 311, 319 (C D Cal 1998)); see also Manual for Complex
2  Litigation, Fourth, §21.222 at 270-71 (2004).  While the identity
3  of the class members need not be known at the time of
4  certification, class membership must be clearly ascertainable.
5  DeBremaecker v Short, 433 F2d 733, 734 (5th Cir 1970).  The class
6  definite must be sufficiently definite so that it is
7  administratively feasible to determine whether a particular person
8  is a class member.  See, e g, Davoll v Webb, 160 FRD 142, 144 (D
9  Colo 1995).

10          Before engaging in the analysis required by Rule 23, the
11 court must first determine whether plaintiffs' purported class is
12 ascertainable.

14                                  III
15          In their motion for class certification, Doc #277,
16 plaintiffs proposed a class definition as follows:

> all past, and present female employees employed by the
> defendant California Department of Corrections and
> Rehabilitation during the period from November 1989 to the
> present, as well as future female employees, who have been or
> will be subjected to inmate exhibitionist masturbation at any
> prison facility in the State of California and whose complaint
> did not result in prompt effective remedial steps to address
> the hostile environment, as well as the sub-class of past,
> present, and future employees of CDCR at Pelican Bay State
> Prison.

Doc #277 at 8; see also variations at 9 & 28.

         In opposition to plaintiffs' motion, defendants
criticized the definition offered by plaintiffs as "subjective,"
and suggested that the "actual composition of the class and
subclass is determinable only at the conclusion of the merits
proceedings."  Doc #279 at 14-16.  Plaintiffs do not address

**4**

directly the question whether their initial proposed class is ascertainable or distinguish the case law cited by defendants in their reply. See Doc #290. Instead, plaintiffs, apparently recognizing that their proposed class definition was unworkable, tweaked the class and sub-class definitions:

> [all] present and former female correctional officers and other female employees who are and have been employed by the California Department of Corrections and Rehabilitation at male institutions and who have or may come into contact with male inmates and be exposed to exhibitionist masturbatory behavior and who have suffered or may suffer injury because the CDCR failed to take prompt and effective remedial steps to address the hostile environment during the period from January 1, 1989 to the present. The class shall also include female correctional officers and other female employees who may be employed in the future up to the time of entry of judgment.

Doc ##290 at 14; 291 at 2. The Pelican Bay amended sub-class definition largely mirrors that of the class, with the exception that the sub-class, while allowing for future female employees, does not contain the final sentence quoted above. See Doc #291 at 2.

Plaintiffs adjustments in reply, however, do not remedy the problems highlighted in defendants' opposition. At varying times the class definition is subjective, imprecise and overbroad; the class and the sub-class are not ascertainable.

The class and sub-class definitions are imprecise because, among other things, potential future events are insufficiently defined. For instance, included in the class definition are female correction offers who "may come into contact" with male inmates and "may suffer injury." Such potential eventualities render the definition vague. "May" denotes merely a possibility. The court therefore is left wondering how it would ascertain exactly which female employees "may suffer injury because

5

the CDCR failed to take prompt and effective remedial steps to address the hostile environment," Doc #291 at 2, without asking, on an individual basis:  (1) whether the employee witnessed "exhibitionist masturbatory behavior"; (2) whether the employee reported the incident; (3) what steps, if any, CDCR took in response to the employee's report; and (4) whether remedial action constituted "prompt and immediate" relief.  Moreover, what kind of objectively verifiable proof would prospective class members be able to produce to verify that they fit within such a framework?

Furthermore, the class definition seems to be premised on the existence of a "hostile [work] environment"—something that will not be determined, if ever, until the merits are resolved. See id ("failed * * * to address the hostile environment").

The class definition also is overbroad.  The final sentence of the class definition explains "[t]he class shall also include female correctional officers and other female employees who may be employed in the future up to the time of entry of judgment." Doc ##290 at 14; 291 at 2.  Such a class cannot be ascertained not only because it includes nebulous sub-groups of current and former female employees, but also because it encompasses **all** future female employees.  Because the nature of these future employees' exposure to a hostile work environment is undefined and purely conjectural, the court cannot determine from the class definition whether such members would have an injury and standing to sue.  See, e g, <u>La Mar v H & B Novelty & Loan Co</u>, 489 F2d 461 (9th Cir 1973) (noting that class actions "must be structured so as to conform in the essential respects to the judicial process, [which dictates, among other

things] that the courts not be available to those who have suffered no harm at the hands of them against whom they complain."). Some of these employees will no doubt have little or no contact with male inmates—indeed, the future employees clause does not appear limited to male inmate facilities only. The court therefore concludes that it would have to conduct an individual factual inquiry as to each future female employee to determine whether she is a class member. Such a class definition is overbroad and unworkable.

Moreover, the class and sub-class definitions are minefields of subjectivity. How is the court to determine objectively whether a potential class member "has suffered or may suffer injury" or whether the CDCR "failed to take prompt and effective remedial steps" to address the situation? Id. Given the problems with the proposed class definition discussed above, the court agrees with defendants that there would be no easy way to determine class membership (or for an objective method for an employee to determine her class membership) without the court conducting individualized analyses based on the merits of each case.

While district courts have the power to modify proposed class definitions to make them sufficiently definite, Mazur v eBay Inc, 257 FRD 563 (N D Cal 2009) (Patel, J) (citing Hagen v City of Winnemucca, 108 FRD 61, 64 (D Nev 1985)), such modification is inappropriate in this case given the fact that the problems with the class definition are multiple and substantial. The court could not simply perform a minor facelift on the class definition; major surgery is required. Furthermore, because it only recently was

transferred this long-running case, the court is not in a position to craft, sua sponte, a workable class definition.

## III

For the above reasons, the court finds the class proposed by plaintiffs cannot be ascertained. Without a workable definition, the court cannot move to the next step and undertake a rigorous analysis to determine whether plaintiffs have demonstrated that they meet FRCP 23's requirements, as required by the Ninth Circuit. See, e g, <u>Dukes v Wal-Mart Stores, Inc</u>, --- F3d ---, 2010 WL 1644259, at *5 (9th Cir 2010) ("When considering class certification under Rule 23, district courts are not only at liberty to, but must, perform a rigorous analysis to ensure that the prerequisites of Rule 23(a) have been satisfied."). Plaintiffs' motion for class certification, Doc #277, therefore must be DENIED without prejudice.

The hearing previously scheduled for May 27, 2010 at 10AM will remain on calendar. During the May 27 hearing, the parties are directed to limit their arguments to plaintiffs' motions for a preliminary injunction and to substitute Judy Longo's estate, Doc ##302 & 310.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge