1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARTHA BERNDT et al,                           No 03-cv-3174 VRW

        Plaintiffs,                                    ORDER

        v

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al,

        Defendants.
_____/

      By separate order issued this date, the court declined to
rule on plaintiffs' motion for class certification subject to a
report and recommendation concerning the adequacy of counsel.  In
addition to the matters discussed in that order, the court must
consider whether plaintiffs have alleged standing to pursue their
claim for injunctive relief.

      "Article III of the Constitution requires that a
plaintiff have standing before a case may be adjudicated."
Covington v Jefferson County, 358 F3d 626, 637 (9th Cir 2004).
"[A] plaintiff must demonstrate standing separately for each form
of relief sought."  Friends of the Earth, Inc v Laidlaw
Environmental Svcs, (TOC) Inc, 528 US 167, 185 (2000) (citation

**United States District Court**
For the Northern District of California

omitted).  When seeking prospective injunctive relief, a plaintiff "must demonstrate that a credible threat exists that he will again be subjected to the specific injury for which he seeks such relief."  Trujillo v Cassell, 2010 WL 2985848, * 3 (CD Cal) (citing Kolendar v Lawson, 461 US 352, 355 n3 (1983)).  "[P]ast wrongs do not in themselves amount to [a] real and immediate threat of injury necessary to make out a case or controversy."  City of Los Angeles v Lyons, 461 US 95, 103 (1983); Mayfield v United States, 599 F3d 964, 970 (9th Cir 2010).

Although "[t]he fact that some class members may have suffered no injury or different injuries from the challenged practice does not prevent the class from meeting the requirements of Rule 23(b)(2)," Rodriguez v Hayes, 591 F3d 1105, 1125 (9th Cir 2010), at least one plaintiff must have standing to pursue a class claim for injunctive relief.  See, for example, Sosna v Iowa, 419 US 393, 402 (1975) ("There must * * * be a named plaintiff who has such a case or controversy at the time * * * the class action is certified * * *.").  Here, the standing requirement appears to disqualify all proposed named plaintiffs from serving as class representatives, as the proposed named plaintiffs do not appear to allege that they are actually injured at this time or that they face imminent or immediate harm.

Former CDCR employees face no present or future threat of imminent harm from alleged injuries suffered during their prior employment.  Of the named plaintiffs, only Moreira and Currie are currently employed with CDCR.  Thus, it appears that only Moreira and Currie could potentially have standing to bring claims for injunctive relief.  In support of their motion for class

United States District Court
For the Northern District of California

certification, plaintiffs point to three (or perhaps four) incidents of IEX observed by Currie and Moreira which occurred in 2003, 2005 and 2008 as bases for standing. Doc #358 at 8. While these allegations certainly may serve as bases for establishing standing for damages claims advanced under FRCP 23(b)(3), plaintiffs fail to highlight a real and immediate threat of repeated present or future injury sufficient to establish standing for injunctive relief.

Accordingly, plaintiffs are ORDERED TO SHOW CAUSE on or before October 14, 2010 why their claim for injunctive relief should not be dismissed for lack of standing. In their submission, which shall number not more than ten pages, plaintiffs must specify, using direct citations from the record, the factual bases for standing and should provide relevant legal support. Defendants may file a response to plaintiffs' submission on or before November 4, 2010. Failure to respond timely to this order shall be deemed grounds to dismiss plaintiffs' claim for injunctive relief.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

3