1
2
3
4
5
6
7
8
9          **IN THE UNITED STATES DISTRICT COURT**
10         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
11
12  **MARTHA BERNDT, et al,**                    No   C 03-3174 VRW
13            **Plaintiffs,**                      ORDER
14            **v**
15  **CALIFORNIA DEPARTMENT OF**
    **CORRECTIONS, et al,**
16
17            **Defendants.**
    _____/
18
19         On March 3, 2010, plaintiffs moved to substitute the
20  estate of Judy Longo for the individual claims of deceased
21  plaintiff Judy Longo.  Doc #302.  On June 3, 2010 the court granted
22  plaintiffs' motion in part, allowing the estate to pursue Longo's
23  section 1983 claim.  Doc #343.  In conjunction with that order, the
24  court ordered supplemental briefing whether the estate is entitled
25  to pursue Longo's Title VII claim.  Id at 4.
26         In their supplemental brief, plaintiffs argue that
27  Longo's Title VII claim is remedial in nature; as such, it survives
28  under common law and the court should allow the estate to pursue

Longo's Title VII claim.  Doc #347 at 2.

Defendants maintain that while Title VII may have been remedial when first enacted in 1964, the compensatory and punitive damage provisions added in 1991 are penal in nature.  Doc #348 at 4.  Defendants contend that because Longo sought pain and suffering damages under the 1991 amendments, as opposed to the traditional reinstatement and back-pay remedies available since 1964, she is in effect seeking relief under the "penal" aspects of Title VII and that her claim is therefore extinguished.  Id at 4.

The Federal Rules of Civil Procedure allow for the substitution of parties in certain circumstances, including where a party dies and her claim is not extinguished.  FRCP 25(a)(1).  FRCP 25, however, does not resolve the substantive question whether the claim survives the original plaintiff's death.  <u>Robertson v Wegmann</u>, 436 US 584, 587 (1978).  Title VII contains no specific survivability provisions.  42 USC § 2000e et seq; see also <u>Estate of Maakestad v Mayo Clinic Arizona</u>, 2006 US Dist LEXIS 55452, *2 (D Ariz).  As both parties acknowledge, in the absence of a specific survivability provision, federal common law governs the survivability of claims that are based on federal statutes.  <u>Heikkila v Barber</u>, 308 F2d 558, 561 (9th Cir 1962); Doc ##347 at 2; 348 at 2.

Under common law, a claim does not survive plaintiff's death if it is based on a statute that is penal in nature; conversely, claims arising from remedial statutes survive.  See <u>Schreiber v Sharpless</u>, 110 US 76, 80 (1884).  In determining whether a statute is remedial or penal in character, courts employ a three-factor test which evaluates whether: (i) the purpose of the

**2**

**United States District Court**
For the Northern District of California

1  statute is to redress individual wrongs or more general wrongs to

2  the public, (ii) recovery runs to the harmed individual or to the

3  public, and (iii) recovery under the statute is totally

4  disproportionate to the harm suffered.  See <u>Murphy v Household</u>

5  <u>Finance Corp</u>, 560 F2d 206, 209 (6th Cir 1977); <u>Kilgo v Bowman</u>

6  <u>Transportation, Inc</u>, 789 F2d 859, 876 (11th Cir 1986).

7       The first factor, whether the statute's purpose is to

8  redress individual wrongs, favors plaintiffs.  Prior to its 1991

9  amendment, Title VII's remedial nature was well-established.  See

10  <u>Franks v Bowman Transportation Co</u>, 424 US 747, 764-66 (1976)

11  (discussing Title VII's "make whole" objective); <u>Kilgo</u>, 789 F2d at

12  876.  Contrary to defendants' assertion, the 1991 amendments did

13  not change the overall nature of Title VII.  See <u>Lee v Sullivan</u>,

14  787 F Supp 921, 933 (ND Cal 1992) (Brazil, MJ); see also <u>Murphy</u>,

15  560 F2d at 210 (Specific damage provisions will not "convert an

16  otherwise remedial statute into a penal one.").  Defendants here

17  argue that Longo's claim for pain and suffering is meant to punish

18  her former employers for their behavior rather than aimed at making

19  Longo whole.  Longo's claim for pain and suffering, however, seeks

20  to redress an individual wrong.  In short, the court finds that

21  Title VII, including its pain and suffering damages provision,

22  remains remedial in nature after the 1991

23  amendment.[1]  The first factor, therefore, favors plaintiffs.

24       The second factor, whether recovery runs to the

25  individual or to the public, also favors plaintiffs.  Rather than

26  _____

27  1.  Since Longo does not seek punitive damages under Title VII, the

28  court need not address whether a punitive damage claim might
survive.

3

1    to the public, damages recovered for Longo's pain and suffering

2    claim would flow directly to her (or to her estate).

3            The third factor, whether the recovery authorized by

4    Title VII is disproportionate to the harm, requires slightly closer

5    scrutiny.   The 1991 amendment authorizes a plaintiff to pursue

6    punitive damages.   42 USC § 2000e et seq.   Punitive damages are a

7    classic form of recovery disproportionate to harm.   See, for

8    example, Cooper Industries v Leatherman Tool Group, 532 US 424, 432

9    (2001) (finding that punitive damages "operate as 'private fines'

10   intended to punish the defendant and deter future wrongdoing"

11   rather than compensate for harm).   But as plaintiffs and defendants

12   agree, Title VII specifically excludes government entities from

13   liability for punitive damages.   Accordingly, while the result may

14   differ in cases where plaintiffs seek punitive relief from non-

15   government entities, the statute does not actually authorize

16   recovery disproportionate to the harm in this case.   See 42 USC §

17   2000e et seq.   Because Title VII only authorizes compensatory

18   damages, which are proportional to the harm, the third factor thus

19   also favors plaintiffs.   See 2d Restatement of Torts § 903

20   (American Law Institute 1979) (noting that compensatory damages

21   "give to the injured person some pecuniary return for what he has

22   suffered" and "differ from punitive damages, both in the reason for

23   their existence and in the method for their computation.").

24   //

25   //

26   //

27   //

28   //

United States District Court

For the Northern District of California

**4**

**United States District Court**
For the Northern District of California

1    All three factors of the <u>Murphy-Kilgo</u> test having been

2 satisfied, the court GRANTS plaintiffs' motion to substitute

3 Longo's estate with respect to her Title VII claim, Doc #302.  The

4 court notes before closing, however, that this order resolves

5 merely the survivability of plaintiff's claim.  It does not address

6 the question whether the estate may or does state a claim for

7 relief in this action.

8

9    IT IS SO ORDERED.

10    _____

11    VAUGHN R WALKER
    United States District Chief Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5