1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA
10

11  MARTHA BERNDT, et al.,       )
                                 )
12                               )       No. C03-3174 VRW (BZ)
             Plaintiff(s),       )
13                               )
        v.                       )       **REPORT AND RECOMMENDATION**
14                               )       **REGARDING CLASS COUNSEL'S**
    CALIFORNIA DEPARTMENT OF     )       **ADEQUACY**
15  CORRECTIONS, et al.,         )
                                 )
16                               )
             Defendant(s).       )
17                               )
                                 )
18  _____)

19       On September 16, 2010, the Honorable Vaughn R. Walker's
20  referral for a report and recommendation on the issue of
21  whether plaintiffs' counsel are adequate to represent the
22  interests of the class was randomly assigned to me.[1]  Docket
23  No. 360.  As instructed, I scheduled a conference for
24  September 28, 2010 to discuss the issue.  At this conference,
25  defendants explained that the thrust of their allegation was
26  that plaintiffs' counsel's conduct in litigating the action
27  ─────────────
         [1]   Counsel for plaintiffs are Pamela Y. Price, Esq.,
28  John L. Burris, Esq., and Charles S. Ralston, Esq.

                                 1

showed that they were inadequate.  Docket No. 382 at 13.
After considerable discussion, I **ORDERED** defendants to select
the plaintiff they thought was most knowledgeable about this
issue, who would then testify at a hearing.  Docket No. 365.
Defendants were put on notice that if they failed to make a
sufficient showing at this hearing, it might be unnecessary
for there to be any other proceedings.[2]  Docket No. 382 at 38-
39; 51-52.  Defendants chose plaintiff Marta Hastings, and she
testified at an evidentiary hearing on December 3, 2010.
Having considered her testimony, the arguments of counsel, and
the documents and exhibits submitted by the parties at the
hearing, the following are my proposed findings and
recommendations.

Judge Walker's referral specifically asked me to evaluate
class counsel's adequacy under FRCP 23(g)(1)(A).  This rule
requires courts to consider the following four factors in
assessing class counsel: "(1) the work counsel has done in
identifying or investigating potential claims in the action;
(2) counsel's experience in handling class actions, other
complex litigation, and the types of claims asserted in the
action; (3) counsel's knowledge of the applicable law; and (4)
the resources that counsel will commit to representing the
class."

On the first factor, I find that plaintiffs' counsel have
adequately identified and investigated the potential claims.

---

[2] This is consistent with Judge Walker's referral which contemplated that the magistrate judge would only conduct hearings and other proceedings "as necessary" to make the needed findings.  Docket No. 360 at 4.

2

Hastings testified that plaintiffs' counsel have met with her numerous times to discuss her claims, and she has been in contact with counsel throughout the case.[3] Hastings receives regular updates, and she and the other plaintiffs have participated in multiple phone conferences with their counsel. While Hastings does not specifically remember the scope of her counsel's investigation and she cannot speak on the behalf of other named plaintiffs, defendants have not persuaded me that they have a legitimate concern. Moreover, before this lawsuit was filed, plaintiffs' counsel were already familiar about the types of claims in the case because they were the attorneys for plaintiff in Freitag v. California Department of Corrections, et al.., C00-2278; 468 F.3d 528 (9th Cir. 2006). In Freitag, a female correctional officer prevailed on similar claims, represented by plaintiffs' counsel. Id. The combination of plaintiffs' counsel's background knowledge — gained from Freitag — about the claims, their work with the clients in this case, and counsel's statements on the record denying defendants' accusations, leaves me satisfied that plaintiffs' counsel meet the requirements of this first factor.[4]

I also find that plaintiffs' counsel meet the remaining requirements of FRCP 23(g)(1)(A). From counsel's multiple appearances before this Court and others, counsel have

---

[3] Hastings testified that she did not remember many of the specific details about her representation by counsel due to the passage of time.

[4] In Freitag, Judge Henderson referred to me the issue of counsel's claimed supplemental fees and costs.

3

1 experience in handling class actions and other complex civil
2 rights and employment litigation.  <u>Freitag</u> again assures that
3 plaintiffs' counsel have knowledge of the applicable law.  And
4 plaintiffs' counsel confirmed at the evidentiary hearing that
5 they not only have the resources to try this class action, but
6 are also willing to commit these resources to the case.
7 Defendants have not presented any evidence or argument to the
8 contrary regarding these remaining factors.  Accordingly, I
9 find that under the FRCP 23(g)(1)(A) factors that courts must
10 consider when appointing class counsel, plaintiffs' counsel
11 are adequate.

12 Judge Walker also asked me to consider six specific
13 questions regarding the adequacy of plaintiffs' counsel.[5]
14 Docket No. 360 at 4-5.  Summarizing and grouping these
15 questions together, I must decide the following:
16 (1) whether plaintiffs or plaintiffs' counsel initiated this
17 lawsuit and decided to pursue it as a class action; (2) what
18 steps the class representatives took to ensure plaintiffs'
19 counsel investigated their claims and are capable of handling
20 class actions; and (3) whether plaintiffs considered using
21 other counsel.  <u>Id.</u>

22 On the first question, defendants have stated that they
23 are "not necessarily contending" that plaintiffs' counsel
24 initiated this lawsuit.  <u>See</u> Docket No. 382 at 13.  And
25 defendants have not presented any concrete evidence to support

---

[5] Under FRCP 23(g)(1)(B), courts are permitted to evaluate any other factors that are pertinent to class counsels's ability to adequately represent the class.

4

any such claim. At the hearing, Hastings testified that she personally contacted Price after being informed about the lawsuit from a fellow female correctional officer who was also a plaintiff. Hastings also testified that she wants to prevent the inmates' offensive behavior — which she was forced to experience — from affecting other women. I construe this testimony to mean that Hastings desires the class of all female correctional officers to benefit from this lawsuit. Given this testimony, and defendants failing to produce persuasive evidence to the contrary, I find that plaintiffs have pursued this class action lawsuit on their own volition.[6]

Regarding the second and third question, Hastings testified that she never doubted the capabilities of her counsel in this class action because she believed in them and they had prevailed in Freitag. Due to her confidence in experienced counsel, she does not recall taking any specific steps to ensure that counsel were thoroughly investigating her claims or were capable of handling class actions. For the same reasons, Hastings never considered retaining other

---

[6] Plaintiffs' counsel sent letters to various correctional officers' associations notifying them about the class action and asking for female officers that face similar problems to contact counsel. Even if I were to consider these letters to be solicitation letters rather than investigatory letters, California Rule of Professional Conduct 1.400 and Model Rule of Professional Conduct 7.3 do not prohibit attorneys from writing such letters because they are not communications made in person or by telephone. Moreover, attorneys are generally permitted in class actions "to communicate with potential class members for the purpose of investigating and preparing the action." See Vapnek, Tuft, Peck & Wiener, Rutter Group Prac. Guide: Cal. Prof. Resp. § 2:333.10 (The Rutter Group 2009).

1 counsel.

2 Based on the above findings, I conclude that defendants'
3 claim that plaintiffs' counsel are not adequate to represent
4 the interests of the class is unfounded.  I also recommend not
5 finding that class counsel is inadequate simply because the
6 class representatives failed to consider other attorneys.
7 Defendants have suggested no reason why a plaintiff would want
8 anyone other than the lawyers who had prevailed in Freitag
9 after many years of litigation.

10 After the evidentiary hearing, defendants objected that
11 they did not have the opportunity to review some of the
12 documents they subpoenaed because plaintiffs' counsel
13 identified them as privileged.  Docket No. 396.  Defendants
14 also requested that evidentiary hearings be held for each
15 named plaintiff and that defendants be permitted to conduct
16 discovery, including depositions, for each of these class
17 representatives.  Id.  These objections and requests do not
18 affect my findings or recommendations regarding the adequacy
19 of class counsel.  Defendants have not presented any arguments
20 as to what the privileged documents may possibly reveal that
21 will corroborate any of their moving allegations against
22 plaintiffs' counsel's adequacy.  I reviewed plaintiffs'
23 privileged documents before the evidentiary hearing, and while
24 I did not agree that all documents were privileged, none of
25 them caused me concern about the adequacy of plaintiffs'
26 counsel.  Rather, the documents corroborated that plaintiffs'
27 counsel are adequate.  There is no need for additional
28 discovery or further responses to subpoenas.  I also do not

1  recommend taking testimony from other plaintiffs, inasmuch as
2  defendants chose Hastings as their best witness on this issue.
3  I expect that the testimony of other plaintiffs is likely to
4  be substantially similar and will not change my findings or
5  recommendations regarding class counsel's adequacy.

6  　　　Finally, Judge Walker noted that defendants are concerned
7  that plaintiffs' counsel "let the claims at issue languish for
8  great lengths of time."  Hastings shares this concern; however
9  she repeatedly blamed defendants for the delay, citing a
10 variety of procedural moves, such as seeking Judge Henderson's
11 removal, which she believes are designed to avoid or delay a
12 consideration of the merits of the class claims.  Plaintiffs'
13 counsel cited this proceeding as another such delay.  I find
14 that no evidence was presented to me that suggests that
15 plaintiffs' counsel have delayed this case.

16 Dated: December 16, 2010

17                                    _____
                                       Bernard Zimmerman
18                                     United States Magistrate Judge

19
   G:\BZALL\-BZCASES\BERNDT V. CA. DEPT OF CORRECTIONS\R&R RE ADEQUACY OF
20 COUNSEL.wpd