UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARTHA BERNDT, et al.,

    Plaintiffs,

    v.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.
_____/

No. C 03-3174 PJH

**ORDER DENYING MOTION FOR RECONSIDERATION**

    Before the court is plaintiffs' motion for reconsideration of the court's March 20, 2012 order denying plaintiffs' motion for class certification, and defendants' opposition thereto. Plaintiffs' motion, which is limited to the court's holding declining certification of a Rule 23(b)(2) class for injunctive relief, specifically seeks reconsideration of the court's denial of certification on the following grounds:  (1) plaintiffs Moreira and Morin filed EEOC charges immediately following the court's hearing on the motion for class certification and then secured right to sue notices, thereby curing any exhaustion defect that the court subsequently noted in its order; and (2) the court's order incorrectly suggested that plaintiffs' complaints related solely to claims that the CDCR failed "to respond to IEX complaints pursuant to an adequate system-wide IEX policy" put in place since 2006 or 2007; plaintiffs contend that they have "always and consistently contended," not that there are no IEX policies in place, but that existing IEX policies are "*not* adequate to meet the duty imposed by the decision in Freitag v. Ayers...."

    As to the former ground, the court preliminarily notes that the hearing on plaintiffs' motion was held, and the motion was submitted, on October 14, 2011.  Plaintiffs' evidence containing Moreira's and Morin's newly filed EEOC charges and right to sue notices was

submitted via requests for judicial notice filed on October 27, 2011 and January 25, 2012. However, plaintiffs' new evidence was not accompanied by any request to re-open the evidentiary record in order to submit further evidence in support of their motion, nor did plaintiffs otherwise specifically direct the court's attention to their new evidence when they filed their tardy requests for judicial notice. Plaintiffs have not cited and the court is unaware of any authority that would require it to reconsider its class certification decision in light of this late evidence.

In addition to this procedural deficiency, the court finds as it did with respect to the original motion, that on the basis of the operative complaint alone, Moreira's and Morin's EEOC filings fail to establish that certification of a Rule 23(b)(2) class is now warranted. The operative fifth amended complaint – which was filed January 31, 2011 and which alleges a proposed class pursuant to Rule 23(b)(2) (not Rule 23(b)(3)) – alleges that plaintiffs Berndt and Hastings, and only these two plaintiffs, filed EEOC charges in 2003. Neither Berndt nor Hastings, however, is proffered as a class representative for the alleged 23(b)(2) class. Nor could they be, as neither is a current employee of the CDCR. Moreira and Morin, current employees who might have been alleged in the complaint as 23(b)(2) class representatives, have only been relied upon by plaintiffs as representatives for a 23(b)(2) class in connection with plaintiffs' motion for class certification, but are not set forth as representatives in the operative complaint. Furthermore, the operative complaint alleges both compensatory and punitive damages in connection with a 23(b)(2) class – even though such damages are not "incidental" to the injunctive relief sought by plaintiffs pursuant to 23(b)(2) certification. Thus, and on the basis of plaintiffs' operative complaint alone, certification pursuant to 23(b)(2) is unwarranted, notwithstanding Moreira's and Morin's EEOC filings.

However, even assuming for the sake of argument that Moreira and Morin are proper class representatives for a 23(b)(2) class and considering the import of Moreira and Morin's EEOC filings and right to sue notices, plaintiffs have not established that the filing

of an EEOC charge by a class representative after a motion for class certification has been filed, heard, and submitted, constitutes proper exhaustion. Plaintiffs rely on two cases for the proposition that administrative exhaustion requirements are satisfied so long as exhaustion is effected after the filing of a lawsuit, but before adjudication on the merits. See, e.g., Wrighten v. Metropolitan Hosp., Inc., 726 F.2d 1346, 1351 (9th Cir. 1984); Oliphant v. City & County of San Francisco, 2010 WL 1875711 (N.D. Cal. May 7, 2010). However, both cases involved instances in which timely EEOC charges were filed, but right to sue letters were not procured until after the commencement of litigation. Under such circumstances, the Ninth Circuit and the district court held that the subsequent issuance of the "right to sue" letters cures the exhaustion deficiency that arises by the premature filing of a lawsuit. See Wrighten, 726 F.2d at 1351; Oliphant, 2010 WL 1875711 at *8. This is distinct from the facts presented here, where plaintiffs have *both* filed the underlying EEOC charges and procured the right to sue letters, almost eleven months *after* the filing of the operative complaint, and more than eight years after the filing of the original complaint.

Plaintiffs have failed to acknowledge this critical distinction, and their briefing on this issue consequently fails to address the inquiry actually present before the court (i.e., whether an EEOC charge filed subsequent to the filing of a complaint may satisfy exhaustion requirements), and is inadequate to support reconsideration of the court's certification ruling.[1] Moreover, even if Title VII exhaustion were to be shown to have been successful, there were other impediments to certifying a 23(b)(2) class identified in the March 20, 2012 order denying class certification.

Thus, for all the foregoing reasons and for those reasons previously stated in the March 20, 2012 order, class certification remains unwarranted under Rule 23(b)(2) as well

---

[1] To the extent the parties dispute whether plaintiffs' failure to timely exhaust administrative remedies pursuant to Title VII is a valid affirmative defense to be asserted by defendants, this is an issue that must be more fully explored in connection with dispositive motion briefing. Furthermore, to the extent defendants contend that plaintiffs' untimely EEOC charges themselves are insufficient for failure to properly delineate the scope of the claims for which plaintiffs seek exhaustion, this, too, must await fuller briefing at the dispositive motions stage of the litigation.

as Rule 23(a). Plaintiffs' motion for reconsideration, based on Moreira's and Morin's post-hearing EEOC filings, is accordingly DENIED.

With respect to plaintiffs' second asserted ground for reconsideration – i.e., that the court erred in concluding that plaintiffs' request for 23(b)(2) certification is premised on the lack of an adequate system-wide IEX policy – the court finds that plaintiffs have misapprehended the scope of the court's order. Plaintiffs appear to read the court's order as stating that plaintiffs seek certification of a 23(b)(2) class based solely on claims alleging the absence of any IEX policy since 2006 or 2007. However, the court's reference to claims alleging that the CDCR failed "to respond to IEX complaints pursuant to an adequate system-wide IEX policy that has been in place since at least 2006 or 2007" is intended to reference the fact that plaintiffs allege post-Freitag claims in addition to pre-Freitag claims in their complaint – precisely as plaintiffs now contend, and consistent with the court's understanding of plaintiffs' counsel's oral representations at the hearing on plaintiffs' motion. Specifically, the court construes plaintiffs' claims as including allegations that, at least before Freitag, there was no system-wide policy to protect them, and after Freitag, the policy that was implemented was inadequate to protect them. The court fully anticipates that plaintiffs will endeavor to show the inadequacy of the post-Freitag policy not just with evidence that defendant failed to comply with the policy, but also with evidence that corrective measures, even if taken in compliance with the policy, were ineffective.

Moreover, the court's conclusion that plaintiffs were unable to establish that defendants have refused to act or have acted on grounds that are generally applicable to the class, is based precisely on the fact that plaintiffs are challenging defendant's conduct before Freitag (absence of a policy) and defendant's conduct after Freitag (inadequate policy). While proof of the absence of a policy to address IEX incidents in CDCR facilities would likely be subject to class-wide proof, the inadequacy of the policy would necessarily require individualized proof of the defendant's response to each IEX incident and an assessment of whether the response was or was not reasonable and adequate.

4

In sum, for all the foregoing reasons – and for the multitude of other reasons stated in the court's March 20 order – the court declines to grant reconsideration of its prior order denying certification of a class pursuant to Rule 23(a) and (b)(2). Plaintiffs' motion for reconsideration is therefore DENIED.

**IT IS SO ORDERED**.

Dated: May 15, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge