1

2

3                          UNITED STATES DISTRICT COURT

4                          NORTHERN DISTRICT OF CALIFORNIA

5

6
MARTHA BERNDT, et al.,
7
                 Plaintiffs,                    No. C 03-3174 PJH
8
        v.                                      **ORDER GRANTING MOTION FOR
9                                               RULE 35 ORDER**
CALIFORNIA DEPARTMENT OF
10   CORRECTIONS, et al.,

11               Defendants.
     _____/
12

13        Defendants' motion for a Rule 35 order for the mental examinations of plaintiffs

14   Berndt, Morin, and Boyd came on for hearing before this court on June 12, 2013.  Plaintiffs

15   Martha Berndt, Kimberly Morin, and Lisa Boyd ("plaintiffs")[1] appeared through their counsel,

16   Pamela Price and Simona Farrise.  Defendants California Department of Corrections and

17   Rehabilitation, Teresa Reagle, Joseph McGrath, David Skerik, and Dr. Dwight Winslow

18   ("defendants") appeared through their counsel, Lyn Harlan.  Having read the papers filed in

19   conjunction with the motion and carefully considered the arguments and the relevant legal

20   authority, and good cause appearing, the court hereby GRANTS defendants' motion, for

21   the reasons stated at the hearing and as follows.

22        Federal Rule of Civil Procedure 35 allows a court to order a party to submit to a

23   mental examination, if the party's mental condition is in controversy and if the order is

24   supported by good cause.  Fed. R. Civ. P. 35(a)(1), (a)(2)(A).  In this case, plaintiffs do not

25   dispute that their mental conditions are in controversy, as all three seek substantial

26

27        [1]The other plaintiffs in this case are Marta Hastings, Sophia Curry, Shelly Adcock,
     Patricia Moreira, Karen Currie, Raissa Jeffries, and the estate of Judy Kay Longo.  For
28   purposes of this order, the term "plaintiffs" shall refer only to plaintiffs Berndt, Morin, and Boyd,
     since those three are the only plaintiffs involved with this motion.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1   damages for emotional distress.  However, in their opposition to defendants' motion,

2   plaintiffs argue that defendants have not demonstrated good cause for the requested

3   mental examinations, because "the information sought through a mental exam may be

4   available by other means."  Specifically, plaintiffs argue that they have already undergone

5   "extensive psychological evaluations" and that "defense counsel has subpoenaed medical

6   records and psychiatric records and gained unlimited access to their workers'

7   compensation records."  The court finds this scenario similar to that in Lester v. Mineta, in

8   which that court agreed that "the examiners should thoroughly review all available materials

9   relevant to plaintiff's mental health prior to the exams, both as context and to avoid

10  redundant testing," but was ultimately "unpersuaded that a comprehensive forensic

11  psychological and psychiatric exam can be pieced together using the scattered information

12  already available."  2006 WL 3741949, *2 (N.D. Cal. Dec. 19, 2006) (granting Rule 35

13  motion).  Here, too, the court is unpersuaded that plaintiffs' previous medical records are

14  sufficient to preclude any further examination into plaintiffs' mental conditions.  These three

15  plaintiffs seek damages for ongoing emotional distress, and defendants are entitled to an

16  opportunity to rebut plaintiffs' claims.

17       Plaintiffs raise two other issues in their opposition to defendants' motion.  First, they

18  argue that defendants' motion did not specify the "manner, conditions, and scope" of the

19  proposed examinations.  Defendants provided such information in their reply brief, thereby

20  mooting plaintiffs' objection.  Second, as to plaintiff Berndt, plaintiffs argue that "defendants

21  should be required to either arrange for the testing to occur near Ms. Berndt's home in

22  Washington state or bear all of the expenses of having her travel to the Bay Area."

23  However, the "general rule is that the party being examined must pay his or her own travel

24  expenses to an examination in the forum state."  McCloskey v. United Parcel Service

25  General Services Co., 171 F.R.D. 268, 270 (D. Or. 1997) (internal citation omitted).  The

26  court also notes that plaintiffs themselves chose this forum in which to litigate.

27       For the foregoing reasons, the court GRANTS defendants' motion for a Rule 35

28

2

United States District Court

For the Northern District of California

1    order compelling the mental examinations of plaintiffs Berndt, Morin, and Boyd.  The

2    examinations shall take place at the offices of defendants' experts in San Francisco,

3    California.  At the hearing, the parties were ordered to meet and confer regarding the

4    details of the examinations, and to provide a stipulation by **June 19, 2013**.  If the parties

5    are unable to reach agreement, plaintiffs may file a five page brief in support of their

6    requested protective order by **June 19, 2013**, and defendants may file a five page

7    response by **June 24, 2013**.

8            Finally, as stated at the hearing, the court is in receipt of medical records for plaintiff

9    Marta Hastings.  The records appear to have been sent by plaintiff Hastings' treating

10   facility, in response to a subpoena issued by defendants.  Defendants were directed to

11   prepare a release form, in accordance with HIPAA, for Ms. Hastings' signature.  Once the

12   court receives the signed release form, it shall turn the records over to defendants.  If

13   plaintiff refuses to sign a release, she shall be precluded from relying on this evidence at

14   trial.

15           **IT IS SO ORDERED.**

16

17   Dated: June 18, 2013                          _____

18                                                PHYLLIS J. HAMILTON
                                                 United States District Judge

19

20

21

22

23

24

25

26

27

28

3