UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARTHA BERNDT, et al.,

    Plaintiffs,

    v.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.
_____/

No. C 03-3174 PJH

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND DENYING ADMINISTRATIVE MOTION**

Before the court are plaintiffs' motion for leave to file a motion for reconsideration of the court's denial of plaintiffs' first administrative motion to modify the scheduling order, filed on July 3, 2013, and plaintiffs' second administrative motion to modify the scheduling order, filed on July 10, 2013. Local Rule 7-9(d) does not provide for the filing of an opposition to a motion for leave to file a motion for reconsideration, but defendants did file an opposition to plaintiffs' second administrative motion. Having read the papers filed in conjunction with the motions and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES plaintiffs' motion for leave to file a motion for reconsideration, and DENIES plaintiffs' second administrative motion as follows.

In the court's order denying plaintiffs' first administrative motion, the court held that plaintiffs had not been diligent in completing discovery. Plaintiffs argue that the court erred in so finding, but the court now notes that plaintiffs waited nearly one year after the issuance of a discovery scheduling order to begin discovery on defendants' Rule 30(b)(6) witnesses. When the (since-modified) scheduling order was issued on June 7, 2012, both

parties were aware that non-medical expert disclosures would be due in advance of the close of discovery.  Specifically, the original scheduling order provided for non-medical expert disclosures to be made on May 1, 2013, and provided for the close of discovery on August 1, 2013.  See Dkt. 464.  The deadlines have since been modified to provide for non-medical expert disclosures to be made on July 17, 2013, and for the close of discovery on September 3, 2013.  See Dkt. 521.  Thus, plaintiffs were aware of the need to conduct any discovery needed by their experts before the expert disclosure date.  However, it appears that plaintiffs did not even seek discovery from defendants' Rule 30(b)(6) witnesses until May 28, 2013, and noticed the deposition for July 25, 2013 - after non-medical expert disclosures are due.  Thus, the court reiterates its finding that plaintiffs have not been diligent in seeking discovery.  The deadlines imposed by this court were not arbitrary, but were determined with the input of counsel.  All of the prior modifications of the schedule were at one or both of the parties' request not at the whim of the court.  In view of plaintiffs' complaints to the court and to the Attorney General about the delays in this case and given that the deadline was imposed more than a year ago and the deposition notice issued only a few weeks ago, the court finds a lack of diligence on the part of plaintiffs.  For these reasons, the court DENIES plaintiffs' motion for leave to file a motion for reconsideration, and DENIES plaintiffs' second administrative motion to further modify the pretrial schedule.

**IT IS SO ORDERED.**

Dated: July 12, 2013

PHYLLIS J. HAMILTON
United States District Judge