UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARTHA BERNDT, et al.,

    Plaintiffs,

    v.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

_____/

No. C 03-3174 PJH

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants' motion for judgment on the pleadings came on for hearing before this court on August 21, 2013. Plaintiffs Estate of Judy Longo, Shelly Adcock, Raisa Jeffries, and Lisa Boyd ("plaintiffs")[1] appeared through their counsel, Siddarth Jhans. Defendants California Department of Corrections and Rehabilitation, Teresa Reagle, Joseph McGrath, David Skerik, and Dr. Dwight Winslow ("defendants") appeared through their counsel, Lyn Harlan. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion as follows.

This case arises out of allegations that female correctional officers and employees of California Department of Corrections and Rehabilitation ("CDCR") have been continuously sexually harassed by inmates at CDCR institutions. Specifically, plaintiffs claim that they have been exposed to repeated inmate exhibitionist masturbation (referred to as "IEX")

---

[1]The other plaintiffs in this case are Martha Berndt, Marta Hastings, Sophia Curry, Patricia Moreira, Karen Currie, and Kimberly Morin. For purposes of this order, the term "plaintiffs" shall refer only to plaintiffs Longo, Adcock, Jeffries, and Boyd, since those four are the only plaintiffs involved in this motion.

while working at CDCR institutions.

The original complaint in this action was filed in July 9, 2003, by plaintiffs Berndt, Longo, and (since-dismissed plaintiff) Linda Scott. The case proceeded as a putative class action until March 20, 2012, when class certification was denied. Defendants now file this motion for judgment on the pleadings, arguing that plaintiffs Longo, Adcock, Jeffries, and Boyd failed to exhaust their administrative remedies by filing a charge of discrimination with the Equal Opportunity Employment Commission ("EEOC"), and are now time-barred from doing so.

As an initial matter, while defendants have styled their motion as a "motion for judgment on the pleadings based on lack of subject matter jurisdiction," the Supreme Court has held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court," but rather an affirmative defense, similar to a statute of limitations defense. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). The court further notes that, because defendants have already answered the complaint, it cannot raise the "failure to exhaust" defense in a Rule 12(b)(6) motion. However, Rule 12(c) does allow defendants to raise affirmative defenses "after the pleadings are closed." Fed. R. Civ. P. 12(c). A Rule 12(c) motion may be predicated on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion, and the same standard of review applies to both. Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

Having established the proper procedural vehicle for defendants' motion, the court now turns to its merits. First, while both parties discuss all four relevant plaintiffs together, the court finds that the arguments applicable to the claims of plaintiffs Longo and Adcock are much different than those applicable to the claims of plaintiffs Jeffries and Boyd. Accordingly, the court will address each group of plaintiffs separately.

Plaintiff Longo (through her estate) claims a violation of Title VII (sexual harassment) against CDCR, and a violation of section 1983 (equal protection) against individual defendants McGrath, Schwartz, and Winslow.  Defendants argue that Longo's Title VII claim is barred for failure to exhaust administrative remedies.  According to Longo's declaration filed in support of class certification, her most recent IEX incident was on February 19, 2002.  Dkt. 241 at 3.  Based on that incident, she was required to file an EEOC charge within 180 days (if filed with the EEOC) or, at the latest, within 300 days (if filed with the DFEH).  Thus, plaintiff Longo's last day to file an administrative charge was December 16, 2002.  Longo did not file a charge by that date, and in fact, did not file a charge at all.  Instead, she (along with plaintiffs Berndt and Scott) filed the original complaint in this action on July 9, 2003 - <u>after</u> Longo's exhaustion deadline had already passed.  In order to save Longo's claim, plaintiffs now argue that an exception to the exhaustion requirement - the single filing rule - applies to Longo's claim.

The single filing rule allows a non-charge-filing plaintiff to "piggyback" on the charges filed by another plaintiff, provided that the plaintiffs' claims arise out of similar discriminatory treatment in the same timeframe.  See, e.g., <u>EEOC v. Fry's Electronics, Inc.</u>, 770 F.Supp.2d 1168, 1172-73 (W.D. Wash. 2011); <u>EEOC v. NCL America Inc.</u>, 504 F.Supp.2d 1008, 1011 (D. Hawaii 2007).  Although the Ninth Circuit has not yet applied the single filing rule outside of the class action context, it has not foreclosed the rule's application, and other circuits have applied the rule in non-class actions.  See, e.g., <u>Foster v. Ruhrpumpen, Inc.</u>, 365 F.3d 1191 (10th Cir. 2004); <u>Allen v. United Steel Corp.</u>, 665 F.2d 689 (5th Cir. 1982).  However, even the single filing rule "cannot revive claims which are no longer viable at the time of filing."  <u>Laffey v. Northwest Airlines, Inc.</u>, 567 F.2d 429, 472 (C.A.D.C. 1976).  In other words, the single filing rule may allow Longo to "piggyback" on another plaintiff's administrative charge only if that charge was filed before December 16, 2002.  After that date, Longo's claims became time-barred, and the single filing rule cannot revive those claims.

Plaintiffs now claim that Longo should be permitted to "piggyback" on the charges filed by plaintiffs Berndt and Hastings. Berndt filed an EEOC charge on March 11, 2003, and Hastings filed an EEOC charge on October 20, 2003. However, as discussed above, Longo's claims became time-barred as of December 16, 2002, so neither Berndt's nor Hastings' charge could have revived Longo's claims (even if the single filing rule were applicable). Plaintiffs seek to extend Longo's charge-filing deadline by invoking the "continuing violation" doctrine, arguing that plaintiffs' exposure to IEX constituted a hostile work environment, and thus the "unlawful employment practice cannot be said to occur on any particular day. It occurs over a series of days or perhaps years." National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115 (2002). However, the continuing violation doctrine allows a court to consider conduct outside of the filing period "[p]rovided that an act contributing to the claim occurs within the filing period." Id. at 117. In other words, Morgan allows a court to consider activity that would otherwise be time-barred, but only if at least one unlawful act actually did occur within the filing period. Id. at 118 ("In order for the charge to be timely, the employee need only file a charge within 180 or 300 days of any act that is part of the hostile work environment."). As applied to this case, if Longo had filed an EEOC charge on December 16, 2002, the continuing violation doctrine might have allowed her to include conduct that reached back even further than 300 days, since all IEX-related conduct could be considered part of the same alleged hostile work environment. However, once December 16, 2002 passed, Longo's claim became time-barred, and under Laffey, it could not be revived by another plaintiff's timely filing. Thus, as to the Title VII claim of plaintiff Longo, defendants' motion for judgment on the pleadings is GRANTED.

The Title VII claim of plaintiff Adcock suffers from the same defects as that of plaintiff Longo. According to Adcock's class certification declaration, her most recent IEX incident was on January 20, 2001. Based on that incident, Adcock was required to file an EEOC charge within 180 days (if filed with the EEOC) or 300 days (if filed with the DFEH). Thus, plaintiff Adcock's last day to file an administrative charge was November 16, 2001. Adcock

did not file a charge by that date, and in fact, did not file a charge at all. Plaintiffs now argue that Adcock's claims were included in the administrative charge filed by plaintiff Curry. However, Curry's charge was not filed until June 29, 2004, well after Adcock's claims became time-barred. And, as explained above, under Laffey, Curry's charge could not have revived Adcock's already-expired claims. Thus, as to the Title VII claim of plaintiff Adcock, defendants' motion for judgment on the pleadings is GRANTED.

As to plaintiffs Jeffries and Boyd, the analysis is different. Both Jeffries and Boyd claim IEX incidents that occurred after the filing of this lawsuit. And, because this suit was initially filed as a class action, any statute of limitations was tolled as to all putative class members, including Jeffries and Boyd. See Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345, 353-54 (1983). The statute of limitations "remains tolled for all members of the putative class until class certification is denied." Id. at 354. Defendants thus argue that the claims of Jeffries and Boyd were tolled only until March 20, 2012, when the court denied class certification. Defendants argue that Jeffries and Boyd had 300 days from that date (i.e., until January 14, 2013) to file an administrative charge, and because they did not do so, their claims are time-barred. Plaintiffs respond by arguing that Jeffries' claims are covered by the charge filed by plaintiff Currie, and that Boyd's claims are covered by the charge filed by plaintiff Moreira. However, plaintiffs have not shown that Jeffries was sufficiently "similarly situated" to Currie, or that Boyd was sufficiently "similarly situated" to Moreira, such that the single filing rule would apply here. Plaintiffs offer only conclusory, generalized arguments regarding the plaintiffs' similarity, and the argument that "CDCR has long been on notice of this issue and the claims arising out of it, and the defendants have not cited any prejudice to them or need for further exhaustion." However, the exhaustion requirement does not require a defendant to show prejudice in order to trigger the requirement. Instead, plaintiffs have the burden of showing that plaintiffs were similarly situated enough, such that the single filing rule applies. As to plaintiffs Jeffries and Currie, and plaintiffs Boyd and Moreira, plaintiffs have not given the court any reason to revisit its

earlier finding that the plaintiffs had "sufficiently varied job duties and responsibilities, sufficiently varied exposure to IEX incidents, and sufficiently varied circumstances as to defendant CDCR's response to each IEX incident about which a given female employee complained." Dkt. 452 (order denying class certification) at 23. Plaintiffs Jeffries and Boyd were required to file an administrative charge within 300 days of the court's denial of class certification, and their failure to do so is fatal to their Title VII claims. The court further notes that plaintiffs implicitly acknowledge a narrower reading of the single filing rule than they advocate in their papers - as plaintiffs Curry, Moreira, Morin, and Currie all filed EEOC charges even after this case was filed. Thus, even though the filing of this lawsuit may have put CDCR on notice of the IEX issue generally, those four plaintiffs still saw fit to file separate EEOC charges. Because plaintiffs Jeffries and Boyd did not do the same, defendants' motion for judgment on the pleadings is GRANTED as to Jeffries' and Boyd's Title VII claims.

**IT IS SO ORDERED.**

Dated: August 27, 2013

PHYLLIS J. HAMILTON
United States District Judge