UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA BERNDT, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants. | Case No. 03-cv-03174-PJH   (JCS)<br><br>**ORDER GRANTING MOTION TO RESUME DEPOSITION AND GRANTING IN PART AND DENYING IN PART MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 585 |

The parties filed a joint letter dated October 4, 2013 in which Plaintiffs seek an order compelling the resumption of the deposition of witness John Zuber ("Zuber") and sanctions, and Defendants seek termination of the same deposition and sanctions (the "Motion").

In summary, Plaintiffs questioned Zuber about events surrounding the injury sustained by one of the plaintiffs at the hands of an inmate. Zuber was questioned about those events, including conversations among staff about the injuries to plaintiff and other aspects of the incident. Dkt 585-2 at 7-10. Although Zuber had seen the injuries to the plaintiff in question as he passed her just after the incident, he could not recall what was specifically said at the discussion right after the incident. Id. at 14 ("I don't recall what was said"). In an effort to refresh the witnesses' recollection, counsel for Plaintiffs asked many questions about the discussions, and then showed Zuber photographs of the injuries involved. Counsel for Defendants then objected, and indicated that he would seek a protective order for harassment. Plaintiffs' counsel agreed that the parties should seek court intervention, but Defense counsel declined to try to get the court on the phone over a lunch break. After a short break, Defense counsel terminated the deposition to seek a protective order from the Court pursuant to Rule 30(d)(3).

Termination of the deposition is not justified. The questions by Plaintiffs' counsel, while upsetting, were relevant to the claims in this case. Plaintiffs' counsel was not harassing the

witness. Moreover, the deposition was far from complete when the deposition was terminated: it had lasted only from approximately 10:30 a.m. to 1 p.m. Finally, there was a less costly step that could have been taken by defense counsel: get the court on the phone. The Court makes an effort to make itself available. If that effort had been unsuccessful, then, in a proper case, a suspension of the deposition and a motion to terminate could be pursued. However, even though Plaintiffs' counsel indicated that she would call the court over the lunch hour, Defense counsel returned from the lunch break and indicated that he was terminating the deposition. In any event, there are no grounds to terminate the deposition. Id. at 14. The Motion to terminate the deposition is **DENIED**.

Rule 37(a)(5) applies to this matter and provides that where a motion to compel discovery is granted, the court must require the opposing side to pay the reasonable expenses of making the motion, including attorney's fees, unless the non-disclosure was substantially justified or other circumstances make an award unjust.

Here, Defendants must pay the costs and fees incurred in filing the joint letter. Plaintiffs have moved to compel the resumption of Zuber's deposition, and the Court **GRANTS** that motion. The parties shall meet and confer and agree upon a date in the month of October for the completion of that deposition. Defendants were not substantially justified in opposing resumption of the deposition, or in seeking to terminate the deposition. Accordingly, Defendants are ORDERED to pay (1) the reasonable attorney's fees of Plaintiffs' counsel in connection with the Motion, which the Court determines are $1000.00; and (2) the cost of the court reporter from the first day of the deposition, which is $494.50. These amounts shall be paid to Plaintiffs' counsel within seven (7) days.

The Court also ORDERS that the resumed deposition of Zuber shall take place in Oakland at Plaintiffs' counsel's office. This will avoid the need for Plaintiffs' counsel to incur duplicative travel expenses that might have otherwise have been caused by the termination of the deposition. Accordingly, the Court declines to order payment of the travel costs of Plaintiffs' counsel, which would have had to be incurred even if the deposition had continued on the original date. The Court also declines to order payment of attorney's fees and court reporter costs of the second day of deposition -- since presumably one court reporter fee would have been incurred even if the

2

1 termination of the deposition had never occurred, and this order requires reimbursement of the
2 first day's court reporter expense. Similarly, Plaintiffs' counsel would still have had to ask
3 question had the deposition continued on the first day -- incurring attorney's fees. Those
4 questions may now be asked at the second day.

     IT IS SO ORDERED.

Dated: October 7, 2013

_____
JOSEPH C. SPERO
United States Magistrate Judge