UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA BERNDT, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br>　　　　Defendants. | Case No. 03-cv-03174-PJH   (JCS)<br><br>**ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER AND DENYING MOTION TO STAY AND RECONSIDER DISCOVERY ORDER**<br><br>Re: Dkt. No. 590 |

　　Defendants have filed a letter seeking (1) a protective order preventing the Plaintiffs' counsel from showing witness Zuber photographs of Plaintiff Curry's injuries at Zuber's resumed deposition, and (2) Reconsideration of this Court's Order (Docket No. 588) (the "Order") and a stay of the sanctions contained in that order.

　　A protective order is justified. The witness has a medical condition that would be exacerbated by viewing the photographs again. While the questions regarding the photographs were proper, in light of the witness's medical condition, the potential injury to the witness outweighs the probative value of the questions. No photographs of Plaintiff Curry's injuries may be shown to witness Zuber. On the other hand, Plaintiffs were prevented from asking any other questions of Zuber by the premature interruption of the deposition by the Defendants' counsel. Accordingly, the deposition shall reconvene as ordered so that Plaintiffs may complete their deposition.

　　The Motion to Reconsider and Stay is DENIED. Under the Local Rules of this Court, a Motion to Reconsider may not be filed without court permission. The Motion is DENIED for failure to seek leave to file a Motion to Reconsider.

　　Moreover, the Defendants have not even satisfied the requirements for a Motion for Leave to file a Motion to Reconsider. Civil Local Rule 7-9 requires that the moving party demonstrate

the following to justify leave to file a Motion to Reconsider:

(1) That at the time of the Motion for Leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

None of these factors apply here. Defendants' argument, to the extent it is not a rehash of the same arguments that they made before, is that, according to an under seal declaration, witness Zuber has a medical condition that the court should consider. What Defendants do not say, but witness Zuber does, is that he told Defendants counsel of his medical condition *at the time of the deposition.* This occurred well before the filing of the motion that resulted in the Order. Moreover, defendants failed to raise this issue at the deposition. Under Local Rule 7-9 there are no new facts -- unknown at the time of the motion at issue -- that would justify reconsideration.

Moreover, the fact of a medical condition that was not disclosed to counsel, and which applied only to a few of the questions asked at the deposition, did not justify the termination of the deposition. There was no harassment: It is not harassment to ask proper questions when, unknown to the questioner, the witness's medical condition causes a reaction to the question. All of this litigation over Zuber's deposition might have been avoided had Defendants' counsel just told Plaintiffs' counsel that there was a medical issue, and on that basis request Plaintiffs' counsel not re show Zuber the photographs. Defendants' counsel did no such thing -- he just terminated

the deposition claiming harassment.  The deposition should not have been terminated.

**IT IS SO ORDERED**.

Dated: October 16, 2013

_____
JOSEPH C. SPERO
United States Magistrate Judge