UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARTHA BERNDT, et al.,

            Plaintiffs,

     v.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

            Defendants.

Case No. 03-cv-3174-PJH

**FINAL PRETRIAL ORDER**

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, this final pretrial order is hereby entered and shall control the course of the trial unless modified by a subsequent order.

I.    <u>MOTIONS IN LIMINE</u>

    A.    Plaintiffs' Motion in Limine No. 1

At the pretrial conference, plaintiffs indicated that they have withdrawn this motion to exclude or limit the testimony of Dr. Renee Binder.  Accordingly, the motion is DENIED as moot.

    B.    Plaintiffs' Motion in Limine No. 2

Plaintiffs' second motion in limine to exclude evidence of plaintiff Berndt's concerns about the death of her therapist is DENIED, as the court finds that plaintiff Berndt has placed her mental state at issue by seeking emotional distress damages.

    C.    Plaintiffs' Motion in Limine No. 3

Plaintiffs' third motion in limine to exclude evidence of defendants' subsequent remedial measures is GRANTED, as defendants indicated at the pretrial conference that

United States District Court
Northern District of California

1  they do not oppose the motion.

2        D.      Plaintiffs' Motion in Limine No. 4

3        Plaintiffs' fourth motion in limine to exclude evidence of workers' compensation

4  insurance or disability payments paid to plaintiffs is GRANTED in part and DENIED in

5  part.  As discussed at the pretrial conference, the court finds that workers' compensation

6  benefits and disability benefits should not be given the same treatment, and thus finds

7  that evidence of workers' compensation benefits shall be inadmissible, while evidence of

8  disability payments shall be admissible.

9        E.      Defendants' Motion in Limine No. 1

10        Defendants' first motion in limine to limit plaintiffs' claims to the statute of

11  limitations period based on their administrative exhaustion dates is GRANTED in part and

12  DENIED in part.  As discussed at the pretrial conference, plaintiffs' claims are limited to

13  the following temporal scope:  plaintiff Berndt's claims run from May 24, 1997 to July 13,

14  2002 (her last day of employment); and plaintiff Curry's claims run from February 1, 2001

15  to September 3, 2003 (her last day of employment).

16        F.      Defendants' Motion in Limine No. 2

17        Defendants' second motion in limine to exclude evidence of harassment allegedly

18  experienced by third parties is GRANTED in part and DENIED in part.  As discussed at

19  the pretrial conference, evidence of third-party harassment may be relevant to proving

20  the severity/pervasiveness of the alleged harassment and the reasonableness of

21  defendants' response.  That said, any evidence of harassment of third parties must meet

22  the following conditions:  (1) the third party must have complained, either formally or

23  informally, to a supervisor about the alleged harassment; (2) the alleged harassment

24  must have occurred at the same prison where one of the plaintiffs worked (i.e., either

25  Pelican Bay State Prison or California State Prison – Sacramento); (3) the alleged

26  harassment must have occurred during the time when the plaintiffs were employed by

27  defendants (i.e., the same time periods mentioned in the previous paragraph).

28        Additionally, as discussed at the pretrial conference, to the extent that plaintiffs

1   intend to present evidence of third-party harassment suffered by former plaintiffs to this

2   action, the court directs the parties to meet and confer regarding whether the relevant

3   settlement agreements permit those former plaintiffs to testify.  The parties shall submit a

4   stipulation regarding the former plaintiffs' ability to testify, and if the parties fail to agree to

5   a stipulation, they shall submit the settlement agreements themselves, along with a joint

6   letter brief setting forth each party's position.  The parties must file either a stipulation or

7   the settlements and joint letter brief by **August 31, 2015**.  The joint letter brief shall not

8   exceed five (5) pages.

9          G.     Defendants' Motion in Limine No. 3

10       Defendants' third motion in limine to exclude the Office of the Inspector General

11  investigation report is DENIED, as the time period covered by the report overlaps with the

12  relevant time period as set forth in section I.E of this order.

13         H.     Defendants' Motion in Limine No. 4

14       Defendants' fourth motion in limine to exclude evidence relating to the attack on

15  plaintiff Curry is DENIED, as the court finds that such evidence is not barred as a matter of

16  law by workers' compensation preemption.  And further, whether the attack was

17  motivated by Curry's gender, and was therefore harassment based on sex, is a question

18  for the jury.

19         I.     Defendants' Motion in Limine No. 5

20       Defendants' fifth motion in limine to exclude evidence of subsequent remedial

21  measures is GRANTED, as it seeks the same relief as plaintiffs' third motion in limine.

22         J.     Defendants' Motion in Limine No. 6

23       Defendants' sixth motion in limine to exclude the testimony and evidence of

24  Monique Beaver is GRANTED.  The evidence is in the form of charts purporting to

25  summarize the incidents of harassment at defendants' prisons, but as discussed at the

26  pretrial conference, the charts are inadmissible because they cover a time period broader

27  than the period covered by plaintiffs' claims, and because they cover incidents occurring

28  at prisons where neither of the plaintiffs worked.  Moreover, the charts do not provide the

United States District Court
Northern District of California

1  court with any basis to determine whether the underlying documents have been produced

2  in this litigation, and thus do not comport with Federal Rule of Evidence 1006.

3      However, as discussed at the pretrial conference, plaintiffs may be permitted to

4  offer a demonstrative that summarizes the relevant evidence, as long as the

5  demonstrative is limited to the relevant time period and to the relevant prisons, and

6  clearly identifies where the underlying documents have been produced in this case.  If

7  plaintiffs intend to offer such a demonstrative, they must provide a copy to defendants

8  and to the court by **September 8, 2015**.

9      With regard to Ms. Beaver herself, plaintiffs have not identified any matters (other

10 than the charts and documents themselves) for which she may be offered as a percipient

11 witness.  Plaintiffs have provided no authority for the proposition that a member of a

12 party's legal team may review documents and then be offered as a witness to testify as to

13 the contents of those documents, about which she has no personal knowledge.  If

14 plaintiffs are able to locate any such authority, they may provide it along with their

15 corrected witness list.  Absent such authority, Ms. Beaver's testimony is inadmissible.

16     K.     Defendants' Motion in Limine No. 7

17     Defendants' seventh motion in limine to exclude witnesses that were not

18 previously disclosed or timely disclosed is GRANTED in part and DENIED in part.

19     To the extent that defendants seek relief based on the late filing of plaintiffs'

20 amended witness list, the motion is denied.  Although the amended witness list was filed

21 late, there was no prejudice to defendants.  However, as discussed at the pretrial

22 conference and in the court's order dated July 22, 2015, any future late filings will be

23 stricken and disregarded.

24     Regarding witnesses who were not disclosed either in plaintiffs' Rule 26

25 disclosures or some other fashion, plaintiffs shall be given one week to file a corrected

26 witness list that identifies where each witness was disclosed to defendants, as discussed

27 at the pretrial conference.  If the witness was disclosed in a pleading filed with the court,

28 the corrected list shall cite to that filing.  If the witness was disclosed in discovery

1  exchanged between the parties, plaintiffs shall provide a copy of that discovery to the

2  court.  Other than plaintiff Sophia Curry, plaintiffs shall not be permitted to add any new

3  witnesses to the corrected list.  Plaintiffs' corrected list must be filed by **August 24, 2015**,

4  and defendants shall have until **August 31, 2015** to file any objections.  If plaintiffs'

5  corrected list fails to adequately identify where any witnesses were disclosed during

6  discovery, those witnesses shall be excluded.

7         L.      Defendants' Motion in Limine No. 8

8        Defendants' eighth motion in limine to exclude exhibits that were not previously

9  disclosed or timely disclosed is GRANTED, though as discussed at the pretrial

10  conference, plaintiffs will be given an opportunity to cure the deficiencies.

11        Plaintiffs shall have one week to file a corrected exhibit list which specifically

12  identifies, by Bates number, where in discovery each exhibit was disclosed.  The

13  corrected list must also include a sponsoring witness for each exhibit, and must remove

14  any duplicate exhibits.  Plaintiffs shall not be permitted to add any new exhibits to the

15  corrected list.  Plaintiffs' corrected list must be filed by **August 24, 2015**, and defendants

16  shall have until **August 31, 2015** to file any objections.  If plaintiffs' corrected list fails to

17  adequately identify where any exhibits were disclosed during discovery, those exhibits

18  shall be excluded.

19        M.      Defendants' Motion in Limine No. 9

20        Defendants' ninth motion in limine to exclude evidence related to other claims

21  raised in this case that have been disposed of is GRANTED in part and DENIED in part,

22  based on the same limitations set forth in section I.F of this memo.  To the extent that the

23  disposed-of claims relate to the same time period as plaintiffs' claims and the same

24  prison where either of the plaintiffs were employed, and to the extent not barred by the

25  relevant settlement agreements, such evidence shall be admissible.

26  II.     <u>WITNESSES</u>

27        As discussed above, plaintiffs are ordered to file a corrected witness list by

28  **August 24, 2015**, and defendants shall have until **August 31, 2015** to file any objections.

*United States District Court*
*Northern District of California*

1    If plaintiffs' corrected list fails to adequately identify where any witnesses were disclosed

2    during discovery, those witnesses shall be excluded.

3    III.    EXHIBITS

4          As discussed above, plaintiffs are ordered to file a corrected exhibit list by **August**

5    **24, 2015**, and defendants shall have until **August 31, 2015** to file any objections.  If

6    plaintiffs' corrected list fails to adequately identify where any exhibits were disclosed

7    during discovery, those exhibits shall be excluded.

8    IV.    DISCOVERY EXCERPTS

9          As discussed at the pretrial conference, to the extent that plaintiffs designate

10   testimony from trial transcripts in the <u>Freitag</u> litigation, those transcripts must be provided

11   to defendants.  The deadline for providing those transcripts is **August 24, 2015**.

12   V.    VOIR DIRE

13         The court will conduct the voir dire, based on the form submitted to the parties

14   before the pretrial conference.  After the court's questioning, each side shall have fifteen

15   minutes to question the panel, but may not use this time to make argue their case.

16         The court will empanel eight jurors.  Each side shall have three peremptory

17   challenges.

18   VI.    JURY INSTRUCTIONS

19         Regarding the joint jury instructions, the parties are directed to remove instruction

20   1.1B, and to remove the comment from instruction 3.2A.

21         Regarding plaintiffs' proposed jury instructions, on instruction 1, the court directs

22   plaintiffs to remove the reference to FEHA and to change the singular forms to the plural,

23   where applicable.

24         As discussed at the pretrial conference, the court directs the parties to meet and

25   confer regarding plaintiffs' proposed instructions 2, 3, and 4, all of which relate to the

26   elements for a hostile work environment claim.  And as discussed at the pretrial

27   conference, the court will not approve any instructions on this topic that do not come from

28   either the Ninth Circuit model jury instructions or from the Ninth Circuit's opinion in

United States District Court
Northern District of California

6

Freitag.

The court rejects plaintiffs' proposed instructions 5, 6, and 7.  Regarding plaintiffs' proposed instruction 8, the parties are directed to meet and confer and submit a joint proposed instruction.  Regarding plaintiffs' proposed instruction 9, the parties are directed to meet and confer and submit a joint proposed instruction taken from Ninth Circuit model instruction 5.2.  Finally, regarding plaintiffs' proposed instruction 10, the parties are directed to meet and confer regarding this instruction and to submit a joint proposed instruction.

Turning to defendants' proposed instructions, defendants are directed to submit a revised version of instruction 1 to remove any defenses that are extraneous, or that have been previously fully adjudicated by the court (such as the statute of limitations defense). Defendants shall also remove the reference to non-existent "counterclaims."

The court approves defendants' proposed instruction 2.

The court rejects defendants' proposed instruction 3, as it improperly places the burden on plaintiffs to disprove the qualified immunity defense.  Defendants shall submit a revised version of this instruction.

Finally, defendants' proposed instructions 4 and 5 cover the same ground as plaintiffs' proposed instructions 2, 3, and 4; namely, the elements of a hostile work environment claim.  The parties are directed to meet and confer regarding those instructions and to submit a joint proposal.

Thus, in sum, the parties are directed to meet and confer regarding the jury instructions on the elements of a Title VII hostile work environment claim and the instructions related to damages issues.  The parties shall submit a joint proposal by **August 31, 2015**, and to the extent that they cannot reach agreement on certain instructions, they must submit separate proposed instructions on that same date.

VII.   VERDICT FORMS

The court shall use the verdict form provided to the parties before the pretrial conference.  However, as discussed at the conference, there remains one outstanding

7

issue related to the apportionment of compensatory damages between defendants on the claims asserted by plaintiff Berndt.  The parties shall meet and confer on this issue, and shall submit either a stipulation or a joint letter brief (not to exceed five pages) no later than **August 31, 2015**.  The court notes that this damages question involves the same issue as plaintiffs' proposed jury instruction 10, so the parties' proposals should reflect some consistency between the proposed jury instruction and the proposed verdict form question.

VIII.   TRIAL SCHEDULE AND TIME LIMITS

The duration of the trial (excluding jury selection, closing arguments, jury instructions, and jury deliberations) shall be 12 days (Monday, Tuesday, Thursday, and Friday, from 8:30 a.m. to 1:30 p.m., with two 15-minute breaks).  Each side shall have 27 hours to present their case.

IX.   FINAL COMMENTS

At the pretrial conference, plaintiffs advised the court that the parties have reached an impasse with regard to the tentative settlement agreement of plaintiff Kimberly Morin's claims.  If Ms. Morin's claims are to go forward, they must be tried along with the current claims, so the parties will be given until **August 24, 2015** to either finalize the settlement agreement and to submit a stipulation so stating, or to submit pretrial filings covering her claims.  Defendants' responses to any motions in limine pertaining to Morin shall be filed by **August 31, 2015**.

**IT IS SO ORDERED.**

Dated:  August 18, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge

8