1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| **MARTHA BERNDT,**<br><br>                              Plaintiff,<br><br>        **v.**<br><br>**CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,**<br><br>                              Defendants. | Case No. 03-cv-03174 NJV<br><br>**FINAL PRETRIAL ORDER** |

        Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, this final pretrial order is hereby entered and shall control the course of the trial unless modified by a subsequent order. This final pretrial order supplements the final pretrial order entered in this case by Judge Phyllis Hamilton on August 18, 2015.  Doc #821.  The August 18, 2015 final pretrial order governs this case, except as specifically stated below.

//

//

## I.   TRIAL SCHEDULE AND TIME LIMITS

The duration of the trial (excluding jury selection, jury instructions, and jury deliberations) shall be 30 hours.  Each side shall have 15 hours to present their case, including direct and cross examinations, opening arguments, and closing arguments.  Counsel are ordered to appear at 8:00 a.m. on Monday, February 1, 2016, in Courtroom D, to resolve any last minute issues.  The jury pool will be called in at 9:00 a.m.  Jury selection will be conducted on the morning of February 1, 2016.  After a jury is selected, the Court will break for lunch.  The parties will begin opening statements in the afternoon of February 1, 2016, and plaintiff must be ready to call her first witness immediately following opening statements.

The schedule of the court will be 9:00 a.m. to noon, with a fifteen minute break.  The lunch break will be from noon until 1:00 p.m. or 1:30 p.m., depending on the needs of the jurors.  The afternoon schedule will be either 1:00 p.m. to 4:00 p.m. or 1:30 p.m. to 4:30 p.m., with a fifteen minute break.  The trial will continue each court day, Monday through Friday.  At the end of each day, counsel for each side will be informed how much of their 15-hour time limit they have remaining.

## II.   JURY SELECTION

The Court will seat 18 prospective jurors, numbers 1-12 in the jury box, and numbers 13-18 in the first row in the back.  The Court will make some opening remarks, including reading the claims and defenses as written in the Preliminary Jury Instructions, Instruction 1.2.  The Court will then introduce the parties to the prospective jurors.  The Court will conduct voir dire of all 18, asking the same questions of each of the jurors.  The parties will be given 15 minutes each to conduct follow-up voir dire.

All jurors will then be excused to wait in the hall while the parties make their respective challenges.  In the event a juror is challenged for cause, the Court may request that the juror come in to answer further questions.  The Court advises the parties to make sure they are familiar with Rutter Group Federal Civil Trials and Evidence Practice Guide 5.275 "Challenging Individual Jurors for Cause."  Challenges for cause lie on only narrowly specified grounds of actual,

implied, or inferable bias concerning a party or issue in the case.  The Court is obliged to attempt to rehabilitate any juror for which either side makes a cause challenge.

Following challenges for cause, the parties may make up to three peremptory challenges each.  Plaintiff has the first peremptory challenge, defendants the second, plaintiff the third, and so on.  If either party passes on a peremptory challenge, it is as though the party used the peremptory.

The first eight jurors standing will be our jury.  The remaining jurors in the pool will then be excused, and the first eight standing jurors will be sworn in.  The Court will then read the jurors the preliminary jury instructions provided to the parties as part of the final pretrial conference on January 14, 2016.  No objections were raised at the final pretrial conference as to the content of the preliminary jury instructions.  The jury will then decide the schedule of the trial, either from 9:00 a.m. to noon and then from 1:00 p.m. to 4:00 p.m., or from 1:30 p.m. to 4:30 p.m., depending on the wishes of the jurors.  The Court will then take a lunch break and inform the jurors to return at either 1:00 or 1:30.  There will be at least one 15-minute break in the morning, and at least one 15-minute break in the afternoon, depending on the needs of the court reporter.

## III.   OPENING STATEMENTS

The parties will begin opening statements after the lunch break on February 1, 2016, beginning with plaintiff.  There is no time limit for opening statements, although the time used for opening statements counts against each side's 15-hour limit.  Following opening statements, plaintiff must be prepared to immediately call her first witness.

## IV.   NOTICE OF ORDER OF WITNESSES

Plaintiff is instructed to inform defense counsel by no later than **5:00 p.m. on January 29, 2016**, of the witnesses she intends to call on February 1, 2016.  At the end of each court day (again, at either 4:00 or 4:30 p.m.), counsel will notify the other side of the witnesses they will call to the stand on the next day of trial.

//

## V.   EXHIBITS

As with Section IV above, each side is instructed to pre-mark their exhibits and show them to the other side the evening before they are to be used.  If there are any objections to the exhibits, the parties are instructed to attempt to resolve the objections.  If no resolution is possible, a brief hearing will be conducted outside the presence of the jury the following morning, before the jury comes in, to resolve any evidentiary issues.

Plaintiff's exhibits will be numbered, starting at 1.  Defendants' exhibits will be lettered, starting at A.  If letter "Z" is reached, defendants' exhibits will then begin with "AA" and so on.

The parties are instructed to ensure that any video evidence sought to be admitted is compatible with courtroom technology, and to ensure that any problems with presentation are resolved outside the presence of the jury.

Any stipulations to be entered on the record must be done at the time the exhibit is offered into evidence.

At the end of each day, counsel may not leave the courtroom until the courtroom deputy is satisfied that all the evidence is in order and appropriately marked.

## VI.   FINAL JURY INSTRUCTIONS, VERDICT FORM, AND CLOSING ARGUMENTS

After the parties have rested, the jury will be excused for either the remainder of the day, or the next day, depending on the time the parties rest.  The parties and the court will then settle the final jury instructions and verdict form to be presented to the jury.  As noted at the final pretrial conference, the Court reserves ruling on the parties' proposed joint jury instructions, defendants' proposed jury instructions, and plaintiff's proposed jury instructions until after the parties have rested their respective cases.  *See* Doc ##831, 833-834, 836.  Similarly, the issues raised in the parties' joint letter brief dated August 31, 2015, regarding apportionment of damages in verdict form questions 5 and 10 is reserved until after the parties rest.  *See* Doc #835.

After the parties and the Court resolve the final jury instructions and verdict form, the jury will return, and be read the final jury instructions.  After the final jury instructions are read, each side will proceed to closing arguments, at which point they may argue the jury instructions and

verdict form.  The parties must reserve time from their 15-hour limit to present their closing arguments.

### VII.   JURY DELIBERATIONS

After closing arguments, the jury will deliberate.  The parties must remain in the courthouse until the verdict is reached or the jury is excused.

### VIII.   SIDEBARS

Sidebar conferences shall be kept to a minimum.  If there are issues that need resolution, they should be presented to the Court in the morning before trial, at lunch, or after trial.

### IX.   SETTLEMENT

The parties are instructed to inform the court no later than **noon on January 25, 2016**, if the case has settled.  After that time, the Court will assess court costs to the parties.

### X.   AMENDED EXHIBIT LISTS

Plaintiff filed a Third Amended Exhibit List and Third Amended Witness List to remove exhibits and witnesses relating to former-plaintiff Sophia Curry's case.  Defendants may also file an amended exhibit list and amended witness list to remove any exhibits or witnesses relating to former-plaintiff Curry.

### XI.   DEFENDANTS' OBJECTIONS TO PLAINTIFF'S SECOND AMENDED WITNESS LIST

Defendants objected to plaintiff's addition of witness Deanna Freitag to the Second Amended Witness List.  Doc #829.  The Court excludes Freitag from testifying.  First, Judge Hamilton allowed plaintiff to file a corrected witness list by August 24, 2015, to include information as to where each witness was disclosed, but not to add new witnesses.  At the time of the final pretrial conference before Judge Hamilton, the Court allowed another witness, former-plaintiff Sophia Curry, to be added to plaintiff's witness list.  Plaintiff could have, but did not, argue at that time that plaintiff wished to add witness Deanna Freitag to her list.  Second, plaintiff's explanation that Deanna Freitag was inadvertently excluded from her witness list does not provide good cause to modify Judge Hamilton's order.  Doc #821.  Third, even if plaintiff's explanation did constitute good cause, it was filed late, after multiple warnings, and should be

disregarded on that basis.  Finally, the fact that Freitag was included as a sponsoring witness on certain exhibits does not excuse her absence from the first two witness lists.

The Court does find, however, that to the extent a document proffered by plaintiff at this trial was written by Freitag, and to the extent the parties are unable to stipulate as to authenticity, Ms. Freitag will be permitted to testify as to the truth of the document or to authenticate it.

The Court also excludes plaintiff's witness Dave Hagelmeyer from testifying. *See* Doc #829.  Rule 37(c)(1) of the Federal Rules of Civil Procedure prohibits a party from using a witness at trial who was not disclosed under Rule 26 unless a nondisclosure was substantially justified or harmless.  The brief mention of Mr. Hagelmeyer at Berndt's deposition, which defendants attach to their objection (Doc #829), is insufficient to justify the nondisclosure.

## XII.  DEFENDANTS' OBJECTIONS TO PLAINTIFF'S SECOND AMENDED EXHIBIT LIST

Defendants objected to numerous exhibits listed on plaintiff's Second Amended Exhibit List that defendants allege were not disclosed during discovery. *See* Doc #829.  To the extent defendants now have the exhibits, because they were listed in plaintiff's Second Amended Exhibit List and provided in hard-copy form pursuant to the Court's order to exchange all proposed exhibits in binders, defendants' objection is overruled.

Defendants further objected that exhibits 52 and 100, listed in plaintiff's Second Amended Exhibit List, were not contained in the binder that plaintiff's counsel delivered as part of the pre-trial exhibit exchange.  At the January 14, 2016 final pretrial conference, plaintiff was ordered to immediately provide physical copies of the exhibits, by **noon on January 15, 2016**, along with the underlying documents the chart in Exhibit 52 purports to summarize.   Defendants withdrew their objection to exhibit 100, which was based on the plaintiff's failure to disclose exhibit 100 during discovery.

Defendants further objected that Exhibits 65 through 71, and Exhibit 90, listed in plaintiff's Second Amended Exhibit List, fall outside the temporal scope of Berndt's claims.  Plaintiff's counsel responded they did not oppose exclusion of those exhibits.  Therefore, defendants' objection is sustained, and Exhibits 65 through 71, and Exhibit 90, are excluded. //

**XIII. FORMER PLAINTIFFS ESTATE OF LONGO AND HASTINGS**

The Court heard argument concerning the joint letter brief filed by the parties on August 31, 2015, regarding whether the settlement agreements of plaintiff Estate of Longo and plaintiff Hastings preclude those plaintiffs from testifying at this trial, either by deposition or in person.

Estate of Longo's settlement agreement states in relevant part: "Plaintiff promises and agrees that it will never sue or otherwise institute or **participate in** any legal or administrative proceedings against defendants . . . relating in any way to Judy K. Longo's employment with the CDCR for any act which occurred prior to the signing of the agreement." Doc #830 at 10 (emphasis added). Plaintiff Hastings' settlement agreement does not include the "participate in" phrase. *Id.* at 23. The Court finds that, as to Longo, the parties agreed to language which precluded participation in legal proceedings. Thus, to allow testimony would violate that agreement. John Longo's participation as a plaintiff was in place of Judy Longo, as his claims were hers, so also the settlement was hers. Her testimony is therefore excluded.

Former-plaintiff Hastings, as noted above, did not make such an agreement, and may testify at trial, subject to the limitations set forth in the final pretrial order, that is, (1) Hastings must have complained, either formally or informally, to a supervisor about the alleged harassment; (2) the alleged harassment must have occurred at Pelican Bay State Prison; (3) the alleged harassment must have occurred in the temporal scope of Berndt's claim: from May 24, 1997 to July 13, 2002. *See* Doc #821 E & F.

**XIV. DEFENDANTS' OBJECTIONS TO TRIAL TESTIMONY DESIGNATIONS**

Defendants objected to the designation of *Freitag* trial testimony for four witnesses: (1) Darla Aguirre, (2) Melissa Cruse, (3) Richard Ramsdell, and (4) Teresa Schwartz.

Plaintiff has not shown that Darla Aguirre is unavailable, a requirement if plaintiff wishes to present Aguirre's testimony by transcript of her *Freitag* trial testimony. Because plaintiff bears the burden of proving Aguirre's unavailability, Aguirre's *Freitag* trial testimony is inadmissible until such time plaintiff makes the requisite showing of unavailability. In the event plaintiff makes a showing of unavailability, or shows she has exercised due diligence in trying to subpoena Aguirre, Aguirre's *Freitag* trial testimony will be admissible (subject to the temporal

scope of Berndt's claims which run from May 24, 1997 to July 13, 2002).  To the extent the designated testimony falls outside the time period, it will be excluded.

The designation of Cruse testimony from the *Freitag* trial is admissible (subject to the temporal scope of Berndt's claims which run from May 24, 1997 to July 13, 2002).  To the extent the designated testimony falls outside the time period, it will be excluded.

The Court overrules defendants' objections, on the grounds of hearsay and inadmissible legal conclusions, to the Office of Inspector General report.  The Court ordered that plaintiff's counsel provide a complete copy of Ramsdell's *Freitag* trial testimony, including the previously omitted pages 661 and 702 through 719, to defense counsel by no later than **5 p.m. on January 15, 2016**.  To the extent defense counsel has counter-designations to the plaintiff's designations, based on the previously omitted pages, those counter-designations may be made before trial.

The Court further ordered that plaintiff's counsel provide a complete copy of Schwartz's *Freitag* trial testimony to defense counsel by no later than **5 p.m. on January 15, 2016**.  To the extent defense counsel has counter-designations to the plaintiff's designations of Schwartz's *Freitag* trial testimony, they may be made before trial.

## XV.  DEFENDANTS' OBJECTIONS TO PLAINTIFF'S DEMONSTRATIVE EXHIBITS A & B

Defendants objected to Plaintiff's demonstrative exhibits A & B.  *See* Doc #850. Defendants list numerous documents that were not previously produced in this case:

Exhibit A.  The underlying documents: Nos. 1-7, 118, 237-239, 246, 252, 259, 261-263, 368.

Exhibit B.  The underlying documents: Nos. 1-7, 17, 118.

The Court notes that at the final pretrial conference it attempted to locate the underlying document for entry number 237 on plaintiff's Demonstrative Exhibit A.  Plaintiff therein lists the location for the underlying document as ECF Doc #225, an exhibit to the declaration of Chisman. However, the Court reviewed ECF Doc #225 during the final pretrial conference, and no such support for entry number 237 was found therein.

Plaintiff's counsel is ordered to provide these above-listed underlying documents in Exhibits A and B to defense counsel, in hard-copy format or via e-mail in PDF form, by no later than **5 p.m. on January 20, 2016**.

Defendants further objected to inaccuracies in plaintiff's charts:

Exhibit A.  Nos. 40-45, 72, 76, 89 were reduced to 128s, so they cannot be considered as 115s. No. 89 has an incorrect date.  No. 391 does not list the inmate's name.  No. 417 has been listed twice (see No. 415), the second listing has incorrect information.  Doc #842 at p. 2.

Exhibit B.  Nos. 17-18 are the same incident, listed twice.  Doc #843 at p. 2.

The parties are hereby ordered to attempt to resolve these inaccuracies before trial.  To the extent the purported inaccuracies remain unresolved, or if further inaccuracies are discovered after plaintiff's counsel delivers the missing underlying documents in Exhibits A and B on January 20, 2016, the Court will take up the issue and resolve it the first day of trial, **February 1, 2016**, before plaintiff is allowed to use the demonstrative exhibits.

**IT IS SO ORDERED.**

Dated:   January 21, 2016

THE HONORABLE NANDOR J. VADAS
United States Magistrate Judge