Ladies and gentlemen: You are now the jury in this case.  It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Martha Berndt was employed as a correctional officer by Defendant California Department of Corrections and Rehabilitation, or CDCR, at Pelican Bay State Prison in Crescent City, California, from July 1994, until July 2002. During that employment, Plaintiff worked as a guard in the prison's security housing unit, called the SHU.

Plaintiff claims that she was subjected to harassment by inmates who engaged in masturbation directed towards her. Plaintiff claims that CDCR did not take prompt and reasonable corrective action to address the actions of the inmates, resulting in a hostile work environment that violated her rights to be free of discrimination because of her gender. CDCR denies that it created a hostile work environment, and denies that it failed to take prompt and reasonable steps to protect Plaintiff from a hostile work environment.

Plaintiff also claims that her immediate supervisor, Defendant David Skerik, violated Plaintiff's constitutional rights by intentionally discriminating against her, based on her gender, by failing to respond to her complaints regarding harassment by an inmate. Defendant Skerik denies that he violated Plaintiff's constitutional rights based on her gender. Defendant Skerik also denies that he failed to respond to Plaintiff's complaints about potential harassment. Finally, Defendant Skerik denies that he subjected Plaintiff to a hostile work environment.

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Comment

It may be helpful to include an illustrative example in the instruction:

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness=s memory;

(3) the witness=s manner while testifying;

(4) the witness=s interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness=s testimony;

(6) the reasonableness of the witness=s testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you. When you leave, your notes should be left with the courtroom deputy.  No one will read your notes.  They will be destroyed at the conclusion of the case.


Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney=s request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Trials proceed in the following way:  First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to each agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion  if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy Clerk, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing;  I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone-- including me--how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose the vote count in any note to the court.

A verdict form has been prepared for you.  [Read verdict form.]   After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was cause by the defendants.  You should consider the following:

The nature and extent of the injuries;

The loss of enjoyment of life experienced and which with reasonably probability will be experienced in the future;

The loss of reputation;

The mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

The reasonable value of wages, earnings, earning capacity, salaries, employment, and/or employment opportunities lost to the present time;

The reasonable value of wages, earnings, earning capacity, salaries, employment, and/or employment opportunities which with reasonable probability will be lost in the future;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.     that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.     the amount by which damages would have been mitigated.

Any award for future economic damages must be for the present case value of those damages.

Noneconomic damages, such as pain and suffering, are not reduced to present case value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the time and in the amounts that you find the damages would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.  You should also consider decreases in the value of money which may be caused by future inflation.

In order to prevail on her Section 1983 claim against defendant Sergeant David Skerik, plaintiff must prove each of the following elements by a preponderance of the evidence:

1.      defendant Skerik acted under color of law; and

2.      the acts of defendant Skerik deprived plaintiff of her particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that defendant Skerik acted under color of law.

If you find plaintiff has proved each of these elements, and if you find that plaintiff has proved all the elements she is required to prove under the next instruction, your verdict should be for plaintiff.  If, on the other hand, plaintiff has failed to prove any one or more of these elements, you verdict should be for defendant Skerik.

Plaintiff's Section 1983 claim against defendant Skerik alleges that defendant Skerik violated her rights under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.  In order to prevail on her equal protection claim,  plaintiff must prove each of the following elements by a preponderance of the evidence:

1.      inmates at Pelican Bay State Prison sexually harassed plaintiff because of her gender;

2.      defendant Skerik knew plaintiff was sexually harassed by inmates based on her gender;

3.      defendant Skerik did not take action in response to the sexual harassment faced by plaintiff, or set in motion a series of acts by others which he knew or should have known would cause others to discriminate against plaintiff; and

4.      defendant Skerik's failure to address the inmates' sexually harassing conduct, or the setting in motion of a series of acts by others, was motivated by his discriminatory animus towards women.

If you find that plaintiff has proved all these elements of her right to equal protection under the United States Constitution, your verdict should be for plaintiff.  If, on the other hand, plaintiff has failed to prove any one or more of these elements, your verdict should be for defendant Skerik.

In order to establish that the acts of defendant Skerik deprived plaintiff of her particular rights under the United States Constitution as explained in the previous instructions, plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of plaintiff's rights as to be the moving force that caused the ultimate injury.

The plaintiff seeks damages from defendant CDCR for a hostile work environment caused by inmate sexual harassment.  The plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1.      Plaintiff was subjected to a sexually hostile work environment because of inmate sexual misconduct; and

2.      CDCR knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

Defendant CDCR's remedial action must be reasonable and adequate. Whether the CDCR's remedial action is reasonable and adequate depends upon the remedies' effectiveness in stopping the inmates from continuing to engage in such conduct and in discouraging other inmates from engaging in similar unlawful conduct.  An effective remedy should be proportionate to the seriousness of the offense.

If you find that plaintiff has proved both of the elements on which the plaintiff has the burden of proof, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the CDCR.

The plaintiff seeks damages against defendant CDCR for a sexually hostile work environment while employed by the defendant.  In order to establish a sexually hostile work environment, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.      the plaintiff was subjected to verbal or physical conduct of a sexual nature by inmates at Pelican Bay State Prison ("the conduct");

2.      the conduct was unwelcome;

3.      the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a sexually abusive or hostile work environment;

4.      plaintiff perceived the working environment to be abusive or hostile; and

5.      a reasonable woman in the plaintiff's circumstances would consider the working environment to be abusive or hostile.

Whether the environment constituted a sexually hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.