UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MARTHA BERNDT, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants. | Case No. 03-cv-03174-NJV<br><br>**ORDER ON MOTION OF RAISA JEFFRIES TO REVIEW CLERK'S AWARD OF COSTS**<br><br>Re: Dkt. No. 941 |

On March 14, 2016, judgment was entered in favor of Defendants against Plaintiff Raisa Jeffries. (Doc. 913.) On March 28, 2016, Defendants filed a Bill of Costs seeking costs of $7,607.47. (Doc. 918.) Plaintiff Jeffries objected and on April 29, 2016, the Clerk reduced the recoverable costs to $4,049.03. (Doc. 937.) Plaintiff Jeffries now petitions the court to disallow certain costs as unrecoverable under the law.

Federal Rule of Civil Procedure 54 imposes a presumption in favor of awarding costs to prevailing parties. 28 U.S.C. § 1920 "define[s] the full extent of a federal court's power to shift litigation costs absent express statutory authority to go further." *W. Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 86, 111 S.Ct. 1138 (1991); *Taniguchi v. Kan Pacific Saipan, Ltd.*, ___ U.S. ___, 132 S.Ct. 1997, 2006 (2012). A district court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact. *Jeff D. v. Otter*, 643 F.3d 278, 283 (9th Cir. 2011) (internal quotation marks and citation omitted). The Ninth Circuit reviews the threshold question of whether the district court has the authority to award costs de novo. *Russian River Watershed Protection Comm. v. City of Santa Rosa*, 142 F.3d 1136, 1144 (9th Cir. 1998).

In addition to objections pursuant to Local Rule 54 and 28 U.S.C. § 1921, a number of Plaintiff Jeffries' objections to Defendants' Bill of Costs are based on the particular circumstances of this case. This case was filed as a putative class action in 2003. Plaintiff Jeffries joined the case on January 31, 2011, with the filing of the Fifth Amended Complaint. (Doc. 407.) The Plaintiffs' Motion for Class Certification was denied by Judge Hamilton on March 20, 2012, and the case proceeded with the ten named Plaintiffs. (Doc. 452.) Defendants moved for a judgment on the pleadings as to three of the Plaintiffs, Raisa Jeffries, Shelly Adcock, and Lisa Boyd, on the ground that these Plaintiffs had failed to exhaust their administrative remedies under Title VII of the Civil Rights Act of 1964. (Doc. 528.) The court granted Defendants' motion on August 27, 2013, and the three Plaintiffs were dismissed from the action. (Doc. 566.)

The case proceeded regarding the claims of the seven remaining named Plaintiffs. The claims of six of the seven Plaintiffs were settled prior to trial. The settling Plaintiffs were the Estate of Judy Longo, Marta Hastings, Sophia Curry, Karen Currie, Kimberley Morin, and Patricia Moreira. It is undisputed that each of the settlement agreements of the six settling Plaintiffs contained an identical provision (with the exception of the settling plaintiff's name) that provided:

> Each party will bear her, his or its costs and attorney fees in connection with the ACTION and all matters arising out of or pertaining thereto, including this settlement. DEFENDANTS agrees that she, he or it will not seek to recover costs and/or attorney fees attributable to litigation between [SETTLING PLAINTIFF] and DEFENDANTS from any other non-settling plaintiffs as costs and/or attorney fees in this ACTION. The costs attributable to the settling plaintiffs shall be determined by identifying and calculating the deposition, document production and expert witness expenses associated with the defense of the settling plaintiffs' claims, deducting that amount from the gross amount of the defense costs and then dividing the remaining amount by 1/10th and deducting the 1/10 amount from the gross amount of the costs. DEFENDANTS agree to provide proof to any nonsettling Plaintiff's counsel that it has excluded any costs and/or attorneys' fees attributable to PLAINTIFF from any claim for costs and/or attorneys' fees prior to filing any claim, including but not limited to a bill of costs.[1]

Plaintiff Jeffries asserts that the purpose of the above provision was to ensure that none of the Defendants' costs attributable to a settling party could be charged to a non-settling party. She

---

[1] A copy of the settlement agreement between Plaintiff Marta Hastings and Defendants was filed with the court. (Doc. 830.)

logically argues that this is the reason Defendants are first required to deduct any of their costs attributable to each settling Plaintiff from their total costs. Plaintiff Jeffries further argues that the costs remaining after deducting all costs attributable to these six Plaintiffs and that are not attributable to the particular non-settling Plaintiff are then divided by 10 and the 1/10 share assessed against each non-settling Plaintiff.

Defendants argue that the settlement agreements contemplate that each of the ten Plaintiffs is responsible for 1/10 of the joint costs incurred in the case from its inception until each Plaintiff was dismissed, settled, or received an unfavorable jury verdict. They argue that all of the Plaintiffs are also responsible for 100% of the costs related to their own case.

The court finds Defendants' argument to be unsupported by, and indeed, directly contrary to, the provision of the settlement agreements cited by the parties. Defendants appear to ignore the plain language of the provision requiring the deduction from the gross amount of the defense costs "the costs attributable to the settling plaintiffs."

The court also rejects Defendants' contention that "[a]s class representatives, each plaintiff incurred 1/10 of the joint costs in the class action litigation no matter when the plaintiff joined the class." This contention proceeds from a false premise. This case was never a class action; Chief Judge Hamilton denied class certification on March 20, 2012. The court further rejects Defendants' related claim that Plaintiffs incurred 1/10 of the joint costs related to the case through the date their involvement with the case was completed. Not only is this claim unsupported, it contravenes the express language of the settlement agreements entered into between Defendants and the settling Plaintiffs requiring the deduction from the gross amount of the defense costs "the costs attributable to the settling plaintiffs."

Under the provision of the settlement agreements relied on by the parties, Defendants agreed to provide proof to the non-settling Plaintiffs' counsel that they have excluded costs attributable to each settling Plaintiff before filing a bill of costs seeking recovery from the non-settling Plaintiff. Plaintiff Jeffries is clearly one of the non-settling Plaintiffs for whose benefit this provision was agreed to by the parties. Plaintiff Jeffries claims that it appears that a number of the items in Defendants' bill of costs are attributable to one of the settling Plaintiffs, in violation

3

of this provision in the settlement agreements.  Plaintiff Jeffries claims, and Defendants do not dispute, that despite the repeated requests of Plaintiff's counsel, Defendants did not comply with the requirement that they provide proof to Plaintiff's counsel that they have not included a cost attributable to a settling Plaintiff.

It is Plaintiff Jeffries' position that both categories of costs – those clearly attributable to a settling plaintiff and those for which the required proof was not furnished – must be excluded from an award of costs. Thus, she argues, a non-settling plaintiff such as herself can only be assessed those costs clearly attributable to her. Plaintiff Jeffries concedes that the following costs are clearly attributable to Plaintiff Jeffries while she was a Plaintiff:[2]

Service fees (p. 5, items 1, 4-7): $489.99

Deposition transcripts (pp. 10, items 6 & 7, p. 11, item 5): $3035.5

TOTAL: $3525.49

The Ninth Circuit has identified a non-exhaustive list of equitable considerations that should be weighed by a district court in determining to what extent costs should be awarded to a prevailing party. *Ass'n of Mexican-American Educators v. State of California*, 231 F.3d 572, 592-93 (9th Cir. 2000) (*en banc*); *Jefferson v. City of Fremont*, No. C-12-0926 EMC, 2015 WL 1264703 *3-4 (N.D. Cal. Mar. 19, 2015).  On this list of equitable considerations is the economic disparity of the parties. Plaintiff Boyd argues that the great economic disparity between she and Defendants makes it inequitable to assess any costs against the plaintiffs except those clearly and unequivocally related to their own claims.

The court has reviewed the arguments of the parties and finds that two important factors affect the equities in this case.  The first of those is the language in the provision in the settlement agreements entered into by Defendants and the six settling Plaintiffs, which was clearly intended to limit the costs Defendants could obtain from the non-settling Plaintiffs. Defendants neither discuss nor acknowledge this language in opposing Plaintiff Jeffries' motion, and so have waived any objection.  The second factor is the obvious huge economic disparity between the parties.  The

---

[2] Citations are to Defendants' Bill of Costs.  (Doc. 918.)

court finds that under these circumstances, it would be inequitable to assess costs against Plaintiff Jeffries related to litigation before she joined the case, or attributable to any settling Plaintiff.  In light of Defendants' undisputed failure to live up to its agreement to provide proof that it has excluded costs attributable to any settling Plaintiff , the court will assess costs against Plaintiff Jeffries in the amount which she concedes are attributable to her.

Accordingly, Plaintiff's Motion is HEREBY GRANTED.  Defendants are awarded costs against Plaintiff Jeffries in the amount of $3,525.49.

**IT IS SO ORDERED**.

Dated: June 28, 2016

_____
NANDOR J. VADAS
United States Magistrate Judge