UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MARTHA BERNDT, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>   Defendants. | Case No. 1:03-cv-03174-NJV<br><br>**ORDER ON MOTION OF MARTHA BERNDT TO REVIEW CLERK'S AWARD OF COSTS**<br><br>Re: Dkt. No. 939 |

On February 11, 2016, the court entered judgment in favor of Defendants against Plaintiff Martha Berndt. (Doc. 899.) The Clerk entered an Amended Judgment on March 14, 2016. (Doc. 913.) On March 17, 2016, Defendants filed a Bill of Costs seeking costs of $50,486.29. (Doc. 914.) Officer Berndt objected and on April 29, 2016, the Clerk reduced the recoverable costs to $34,221.26. (Doc. 935.) Plaintiff Berndt now petitions the court to disallow certain costs which she claims are unrecoverable under the law.

**LEGAL STANDARDS**

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule "creates a presumption in favor of awarding costs to a prevailing party." *Ass'n of Mexican–Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). 28 U.S.C. § 1920 defines the term "costs" in Rule 54(d)(1). *Crawford Fitting* v. *J.T. Gibbons, Inc.*, 482 U.S. 441, 439, 107 S.Ct. 2494 (1987). The Court has rejected the argument that "the discretion granted by Rule 54(d) is a separate source of power to tax as costs expenses not enumerated in § 1920." *Id.*

//

Pursuant to 28 U.S.C. § 1920, the following categories of costs may be taxed:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; [and]

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Taxation of costs is limited to these enumerated categories. Thus, 28 U.S.C. § 1920 limits the types of costs that a court may award under Rule 54.

The Civil Local Rules provide further guidance regarding the taxable costs in each category. Civil Local Rule 54-3 provides in part as follows:

(b)  Reporters' Transcripts
(1)  The cost of transcripts necessarily obtained for an appeal is allowable.
(2)  The cost of a transcript of a statement by a Judge from the bench which is to be reduced to a formal order prepared by counsel is allowable.
(3)  The cost of other transcripts is not normally allowable unless, before it is incurred, it is approved by a Judge or stipulated to be recoverable by counsel.

(c)  Depositions
(1)  The cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable.
(2)  The expenses of counsel for attending depositions are not allowable.
(3)  The cost of reproducing exhibits to depositions is allowable if the cost of the deposition is allowable.
(4)  Notary fees incurred in connection with taking depositions are allowable.
(5)  The attendance fee of a reporter when a witness fails to appear is allowable if the claimant made use of available process to compel the attendance of the witness.

The district court has "discretion to refuse to award costs." *See Ass'n of Mexican–Am. Educators*, 231 F.3d at 591. The Ninth Circuit has approved the refusal to award costs due to "the losing party's limited financial resources, and misconduct on the part of the prevailing party." *Id*.

(internal citations omitted). The court reviews the clerk's taxation of costs de novo. *See Lopez v. San Francisco Unified School Dist.*, 385 F.Supp.2d. 981, 1001 (N.D.Cal. 2005).

## DISCUSSION

Recovery of Fees for Daily Trial Transcripts

Defendants requested $14,241.39 for the costs of hearing and daily trial transcripts. (Doc. 914-1, p. 3; Doc. 914-1, pp. 121, 122, 124, 127, 130, 132.) Of this amount, $13,259.55 was for "Trial transcript dailies and Real Time." (Doc. 914-1, pp. 3,127, 130, 132.) Defendants claimed an additional $899 for a transcript of the Final Pretrial Conference on January 8, 2016. Doc. 914-1, pp. 3, 124.) The balance of the amount for court transcripts ($82.84) relate to two hearings characterized by Defendants as "discovery proceedings re: Marta Hastings" in late 2010.

Officer Berndt objected on the grounds that these hearing and trial transcripts are not recoverable under Civil Local Rule 54-3(b)(3) or 28 U.S.C. § 1920 because they were not approved by the court or stipulated to be recoverable by counsel, and were not "necessarily obtained for use in the case." On April 29, 2016, the Clerk of the court disallowed $179.44 of the $27,169.44 for transcripts claimed by Defendants. (Doc. 935.)

Plaintiff Berndt now contends that Defendants are not entitled to recover fees for daily trial transcripts. She argues that the transcripts were not requested or ordered by the court prior to the trial, and that they were obtained only for the convenience of counsel. *See generally Taniguchi v. Kan Pacific Saipan, Ltd.*, ___ U.S. ___, 132 S.Ct. 1997, 2006 (2012) (reversing the Ninth Circuit's award of certain costs and underscored "the narrow scope of taxable costs," noting that "[t]axable costs are limited to relatively minor, incidental expenses as is evident from Section 1920"); *In re Online DVD-Rental Antitrust Litigation,* 779 F. 3d 914, 925-932 (9th Cir. 2015) (finding that "[a] narrow construction of Section 1920(4) requires recognition that the circumstances in which a copy will be deemed 'necessarily obtained' for use in a case will be extremely limited."). Plaintiff Berndt contends that Defendants are not entitled to order daily trial transcripts in anticipation of an appeal without court approval. *See Manildra Mill Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184 (Fed. Cir. 1996) ("[D]aily trial transcripts should not be awarded absent court approval prior to trial."); *Singson v. City of Millbrae*, C 09-5023 SI, C 11-1863 SI,

2012 WL 3731347 (N.D.Cal. Aug. 28, 2012) (denying costs of daily transcripts because defendants did not seek approval for these costs prior to trial).

Defendants claim that they incurred costs in obtaining transcripts for each day of trial "because it was necessary to obtain the transcripts in anticipation of the appeal, which plaintiff made clear during the trial would be forthcoming." Defendants also claim that they are entitled to recover the costs of daily transcripts because these transcripts were necessarily obtained for their Rule 50 motion made during trial. Correctly asserting that a Rule 50 motion is a prerequisite for appellate review on the ground of insufficient evidence, Defendants argue that they thus obtained the daily transcripts for an appeal, and are therefore entitled to the costs under Civil Local Rule 54-3(b)(1). *See Unitherm Food Sys., Inc. v. Swift–Eckrich, Inc.*, 546 U.S. 394, 404, 126 S.Ct. 980 (2006) (failure to file a Rule 50(b) motion waives any challenges on appeal to the sufficiency of the evidence); *Janes v. Wal-Mart Stores, Inc.*, 279 F.3d 883, 886-887 (9th Cir. 2002) (failure to bring a preverdict Rule 50(a) motion waives the right to file a postverdict Rule 50(b) motion).

Pursuant to 28 U.S.C. § 1920, a prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Civil Local Rule 54-3(b)(1) specifically provides that "[t]he costs of transcripts necessarily obtained for an appeal is allowable." Contrary to Plaintiff Berndt's argument, the requirement in subsection (3) for prior approval by the judge or stipulation by the parties applies to the cost of "other transcripts," not those necessarily obtained for an appeal. In this case, Defendants' Counsel included in her Declaration accompanying the Bill of Costs a statement that, "all costs included in the Berndt Bill of Costs were necessarily incurred in this action and recoverable under relevant case law, and that the services for which fees have been charged were actually and necessarily performed and comport to the allowable categories under Federal Rule of Civil Procedure 54 and Civil Local Rule 54-3." (Doc. 914, 2:19-22.) Defense Counsel cited to the daily transcript in making her Rule 50 motion. (Doc. 880, p. 568.) Accordingly, the court finds that Defendants are entitled to an award of costs for the daily transcripts pursuant to Civil Local Rule 54-3(b)(1). *See TransPerfect Global, Inc. v. MotionPoint Corp.*, No. C-10-02590 CW (DMR), 2014 WL 1364792, at *3 (N.D. Cal., Apr. 4, 2014) (finding prevailing party was entitled to award of costs for daily

4

transcripts obtained in anticipation of appeal).

Recovery of Fees for Expedited or Synchronized Transcripts

Plaintiff Berndt objects to Defendants' request for $1,565.75 for a text synchronization of her deposition transcript. Civil Local Rule 54-3(c)(1) provides for the cost of an original and one copy of a deposition transcript, but does not expressly provide for the recovery of the cost of the synchronization of a transcript.

Plaintiff Berndt objects to Defendants' request for $121.30 for transcription of the audio interviews of Judy Longo on the grounds that these transcripts were not approved by the court or stipulated to be recoverable by counsel, and were not "necessarily obtained for use in the case" as required under Civil Local Rule 54-3(b)(3) or allowable under 28 U.S.C. Section 1920.

Plaintiff Berndt objects to Defendants' request for $29.60 for the expedited transcription of the deposition of Teresa Reagle on the grounds that the amount is excessive and there is no indication that expediting the deposition transcript was reasonably necessary. Plaintiff Berndt argues that this is not an allowable cost under 28 U.S.C. § 1920 or Civil Local Rule 54-3(b)(3).

Plaintiff Berndt objects to Defendants' request for $66.05 for converting and copying the recorded deposition of Sophia Curry into a mini DV CD on the grounds that these transcripts were not approved by the court or stipulated to be recoverable by counsel, and were not "necessarily obtained for use in the case" as required under Civil Local Rule 54-3(b)(3) allowable under 28 U.S.C. § 1920.

Defendants contend that they are entitled to the costs for deposition transcripts and deposition exhibits under 28 U.S.C. Section § 1920(2) and Civil Local Rule 54-3(c)(1) and (3). They argue that the costs for digital copies of deposition exhibits and synchronized deposition transcripts are allowed because there is no prohibition against digital copies of exhibits under Civil Local Rule 54-3(c)(3) and a video deposition normally includes synchronization. In support of their contention, Defendants cite two cases. The first, *Service Emp. Int'l Union v. Rosselli*, No. C-09-00404 WHA, 2010 WL 4502176, at *3 (N.D. Cal. Nov. 1, 2010), was issued before the decisions in *Taniguchi* and *Online DVD-Rental Antitrust Litigation* relied on by Plaintiffs, both of which narrowed the scope of costs that can properly be awarded. The second, *In re Online DVD*

*Rental Antitrust Litig.*, No. M 09-2029 PJH, 2012 WL 1414111, at *1 (N.D. Cal. April 20, 2012), not only was issued before the decision in *Taniguchi* but was actually the precursor case to *In re Online DVD-Rental Antitrust Litigation*, 779 F. 3d 914, 925-932 (9th Cir. 2015), relied on by Plaintiffs.  Disturbingly, Defendants do not inform the court that the decision they cite was vacated in part and remanded, partially on the cost award.

Civil Local Rule 54-3(c)(1)  provides that the cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable.  Civil Local Rule 54-3(c)(3) provides that the cost of reproducing exhibits to depositions is allowable if the cost of the deposition is allowable.  The court finds that the synchronization of Plaintiff Berndt's deposition transcript is allowable under Civil Local Rule 54-4(c)(a) and that Defendants are entitled to recover those costs.  The court finds no basis for allowing the costs of the transcription of the audio interviews of Judy Longo ($121.30) or the expedited transcript of the deposition of Teresa Reagle ($29.60).  Defendants shall not be allowed those costs.  Thus the Clerk's award of costs in this area shall be reduced by the sum of $150.90.

The court finds that the cost for converting and copying the recorded deposition of Sophia Curry into a mini DV CD is allowable pursuant to Civil Local Rule 54-3(c)(1) as a copy of a deposition.  Defendants shall be allowed those costs.

<u>Delivery Charges</u>

Defendants requested $2,862.27 for fees for service of summons and subpoenas.  The Clerk disallowed $52.30 of these costs.  Plaintiff Berndt objects to the recovery of costs for service of a rush copy of Letter with Exhibits re: Discovery Dispute in the amount of $67.00 on the grounds that delivery expenses are not be recoverable under Civil Local Rule 54-3(a)(2) or 28 U.S.C. § 1920.  Plaintiff Berndt also objects to the bill for "copies" and a "copy trip charge" in the amount of $254.97 on the grounds that general copies and copy trip charges are not  recoverable expenses under Civil Local Rule 54-3(a)(2) or 28 U.S.C. § 1920.  These expenses total $321.97.

The court finds no basis in either 28 U.S.C. § 1920 nor Civil Local Rule 54-3 for awarding Defendants the costs of the delivery expenses, copies or copy trip charge at issue here.  As Plaintiff Berndt argues, citation to a case which predates *Taniguchi* is not persuasive.

1  Additionally, while Defendants assert that Plaintiff failed to meet and confer regarding these
2  particular items before filing her objections, Defendants are mistaken.  Plaintiff's objections
3  contain a certification by counsel that she met and conferred with Defense Counsel in a good faith
4  effort to resolve the disagreement, as required by Civil Local Rule 54-2(b).  (Doc. 922, 4:20-22.)
5  The list of items to which Plaintiff Berndt objected include the items at issue here.  (Doc. 22, 2:9-
6  14.)  Accordingly, the Clerk's award of costs in this area shall be reduced by $321.97

7  Based on the foregoing, the costs awarded Defendants against Plaintiff Berndt are reduced
8  by a total of $472.87.

9  **IT IS SO ORDERED**.
10  Dated: June 30, 2016

_____
NANDOR J. VADAS
United States Magistrate Judge

United States District Court
Northern District of California